No. 105,932

SASHADA MAKTHEPHARAK, *Appellant*, v. STATE OF KANSAS, *Appellee*.

(314 P.3d 876)

Opinion filed December 27, 2013.

*Carl F.A. Maughan* and *Catherine A. Zigtema*, of Maughan & Maughan LC, of Wichita, were on the brief for appellant.

*David Lowden*, assistant district attorney, *Nola Tedesco Foulston*, district attorney, and *Derek L. Schmidt*, attorney general, were on the brief for appellees.

The opinion of the court was delivered by

NUSS, C.J.: Sashada Makthepharak appeals denial of his motion to correct illegal sentence under K.S.A. 22-3504. The motion is primarily based on Makthepharak's claim that his sentence was entered by a court without jurisdiction because he was never properly certified for adult prosecution. Our jurisdiction is under K.S.A. 2012 Supp. 22-3601(b)(3). See *State v. Pennington*, 288 Kan. 599, 599, 205 P.3d 741 (2009) (jurisdiction over appeal of motion to correct illegal sentence lies with court that had jurisdiction to hear original appeal).

We reject his arguments and affirm.

## FACTS

In 2001, the State charged Sashada Makthepharak as a juvenile with alternative counts of first-degree premeditated murder and felony murder, one count of aggravated burglary, and one count of criminal possession of a firearm. The charges stemmed from a gang-related home invasion and murder that occurred in Wichita when Makthepharak was 16 years old. Just days earlier he had been released from incarceration for a prior burglary adjudication, which would have been a felony conviction had he been 18 at the time he committed that crime.

The State filed a motion for adult prosecution (MAP), asking the district court to certify Makthepharak as an adult for prosecution of the charges. The district court heard arguments from the State and Makthepharak's appointed counsel on the motion and granted the MAP, stating its reasons on the record. Makthepharak was then tried as an adult and convicted of first-degree felony murder, aggravated burglary, and criminal possession of a firearm. After the district court sentenced Makthepharak to life plus 64 months, he appealed and we affirmed his convictions. See *State v. Makthepharak*, 276 Kan. 563, 573, 78 P.3d 412 (2003).

In 2010, Makthepharak filed the present motion to correct illegal sentence and moved the district court to appoint counsel. The court considered the motion, ultimately denying it without a substantive hearing or appointment of counsel. Makthepharak appealed.

## ANALYSIS

Issue 1: *The district court used the proper procedure in denying Makthepharak's motion to correct illegal sentence.*

Makthepharak concedes that precedent permits a court's summary denial of a motion under K.S.A. 22-3504. But he asks us to abandon this rule, arguing that both the statute's plain language and fundamental fairness dictate that all movants should be entitled to a hearing and counsel. In the alternative, he argues movants should at least be entitled to the assistance of counsel at the initial examination stage.

The State responds that Makthepharak has failed to provide any persuasive reason why we should reverse the well-established summary procedures. It concludes that a hearing should not be held and counsel should not be appointed until a movant demonstrates that a substantial issue of law or fact exists.

*Standard of review*

Whether the existing interpretation of a statute should be changed is reviewed de novo. See *State v. Spencer*, 291 Kan. 796, 804, 248 P.3d 256 (2011).

*Discussion*

The statute concerning motions to correct an illegal sentence, K.S.A. 22-3504(1), provides in relevant part:

"The court may correct an illegal sentence at any time. . . . The defendant shall have a right to a hearing, after reasonable notice to be fixed by the court, to be personally present and to have the assistance of counsel in any proceeding for the correction of an illegal sentence."

For more than 20 years we have instructed district courts considering a motion to correct an illegal sentence to conduct an initial examination of the motion. See *State v. Jones*, 292 Kan. 910, 913, 257 P.3d 268 (2011) (citing *State v. Duke*, 263 Kan. 193, 194-96, 946 P.2d 1375 [1997], *cert. denied* 132 S. Ct. 1097 (2012); *State v. Nunn*, 247 Kan. 576, 584-85, 802 P.2d 547 [1990]). Based on the district court's initial examination, it then "may dismiss a motion to correct an illegal sentence ' "without a hearing or appointment of counsel if . . . the motion, files, and records of the case conclusively show the defendant is not entitled to relief." ' [Citations omitted.]" *Jones*, 292 Kan. at 913.

As we first stated in *Nunn* and have reaffirmed numerous times:

"While it would simplify matters for all courts and litigants if we were to adopt a bright-line rule that counsel be appointed for all post-trial motions, such a rule would not appear to be feasible or justified. Obviously, counsel should be appointed in cases where the motion raises substantial questions of law or triable issues of fact requiring an evidentiary hearing, legal arguments, and/or briefs of the parties. It appears just as obvious that if the motion . . . fails to state any substantial issues of law or fact, or states sufficient facts to allow a determination based upon the motion itself, then appointment of counsel and the holding of a hearing would be unwarranted." 247 Kan. at 584-85.

Accord *State v. Conley*, 287 Kan. 696, 702, 197 P.3d 837 (2008); *State v. Duke*, 263 Kan. 193, 195, 946 P.2d 1375 (1997).

We have consistently rejected Makthepharak's argument that the plain language of K.S.A. 22-3504 requires a substantive proceeding and the assistance of counsel in all cases. See, *e.g.*, *State v. Heronemus*, 294 Kan. 933, 935-36, 281 P.3d 172 (2012). And we have specifically concluded that the statute's protections do not apply when a court summarily denies a motion to correct an illegal sentence. See *Duke*, 263 Kan. at 195-96. Makthepharak has made

no persuasive argument for why we should revisit, much less abandon, our longstanding interpretation of K.S.A. 22-3504. Accordingly, we decline to do so, which makes the district court's summary approach to his motion appropriate under the statute.

Issue 2: *The district court's summary denial of Makthepharak's motion was proper.*

Makthepharak asserts two independent reasons why we should reverse the district court's decision to summarily deny his motion under K.S.A. 22-3504. Makthepharak first argues that his sentence is indeed illegal. Second, he argues the court misconstrued his pro se motion, causing it to incorrectly conclude that he is not entitled to relief.

### Standards of review

As discussed, the district court properly considered whether Makthepharak's motion to correct illegal sentence should be summarily denied. We have instructed district courts that consideration of motions to correct an illegal sentence under K.S.A. 22-3504 are comparable to the procedures under K.S.A. 60-1507. *Jones*, 292 Kan at 913. When faced with a K.S.A. 60-1507 motion, district courts have three options:

"(1) The court may determine that the motion, files, and case records conclusively show the prisoner is entitled to no relief and deny the motion summarily; (2) the court may determine from the motion, files, and records that a potentially substantial issue exists, in which case a preliminary hearing may be held. If the court then determines there is no substantial issue, the court may deny the motion; or (3) the court may determine from the motion, files, records, or preliminary hearing that a substantial issue is presented requiring a full hearing." *Fischer v. State*, 296 Kan. 808, 822-23, 295 P.3d 560 (2013).

When, as here, the district court summarily denies the motion, we review de novo the motion, records, and files to determine whether they conclusively show that the movant is not entitled to relief. So we will affirm the district court's decision to deny the request for a hearing and appointment of counsel if we make an independent determination that Makthepharak is not entitled to relief. See *Jones*, 292 Kan. at 913 (citing *Howard*, 287 Kan. at 690-91).

Whether a sentence is illegal within the meaning of K.S.A. 22-3504 is a question of law over which we have unlimited review. *State v. Trotter*, 296 Kan. 898, 902, 295 P.3d 1039 (2013). And the legality of Makthepharak's sentence turns on whether he was properly certified as an adult. We " 'review[] the trial court's decision to authorize prosecution of a juvenile as an adult to determine whether there is substantial evidence in the record to support the decision.' " *State v. Bailey*, 292 Kan. 449, 453, 255 P.3d 19 (2011) (quoting *State v. Davis*, 37 Kan. App. 2d 650, Syl. ¶ 10, 155 P.3d 1207 [2007]). In making this inquiry, we "[do] not review the analysis of the trial court; instead, the standard of review applies to the evidence." *Bailey*, 292 Kan. at 453 (citing *State v. Avalos*, 266 Kan. 517, 521, 974 P.2d 97 [1999]). We have further held that the standard for reviewing a trial court's decision to grant or deny a motion for adult prosecution is the sufficiency of the evidence as a whole, and the insufficiency of evidence on any one factor is not determinative. *State v. Valdez*, 266 Kan. 774, 783, 977 P.2d 242 (1999), *abrogated in part on other grounds by State v. James*, 276 Kan. 737, 750-51, 79 P.3d 169 (2003).

And "[w]hether the district court correctly construed a pro se pleading is a question of law subject to unlimited review." *State v. Kelly*, 291 Kan. 563, 565, 244 P.3d 639 (2010).

*Discussion*

*a. Makthepharak's sentence is not illegal.*

We have held that K.S.A. 22-3504 applies only if the sentence in question is illegal. See, *e.g., Trotter*, 296 Kan. at 902. And we have strictly defined an illegal sentence as "(1) a sentence imposed by a court without jurisdiction; (2) a sentence that does not conform to the applicable statutory provision, either in the character or the term of authorized punishment; or (3) a sentence that is ambiguous with respect to the time and manner in which it is to be served." *Trotter*, 296 Kan. at 902. Makthepharak specifically contends his sentence is illegal because it was imposed by a court without jurisdiction—and there was no jurisdiction because he was never properly certified for adult prosecution.

We have held that the failure to properly certify a defendant for adult prosecution when the defendant was a juvenile at the time of the alleged crimes deprives the district court of jurisdiction over the matter. *State v. Breedlove*, 285 Kan. 1006, 1011-12, 1017, 179 P.3d 1115 (2008). We have also held that "[t]he Kansas Juvenile Offenders Code is an exclusive procedure" for adjudicating minor defendants or certifying them for adult prosecution. *State v. Smith*, 268 Kan. 222, 244, 993 P.2d 1213 (1999).

The part of the Kansas Juvenile Offenders Code relevant to Makthepharak's particular argument states that "[i]n determining whether or not prosecution as an adult should be authorized . . ., the court shall consider each of the following factors." K.S.A. 38-1636(e) (recodified as amended at K.S.A. 2012 Supp. 38-2347[e]). It then lists eight factors that the judge must consider before authorizing adult prosecution. At the time of Makthepharak's certification in 2001, those factors were:

"(1) The seriousness of the alleged offense and whether the protection of the community requires prosecution as an adult or designating the proceeding as an extended jurisdiction juvenile prosecution; (2) whether the alleged offense was committed in an aggressive, violent, premeditated or willful manner; (3) whether the offense was against a person or against property. Greater weight shall be given to offenses against persons, especially if personal injury resulted; (4) the number of alleged offenses unadjudicated and pending against the respondent; (5) the previous history of the respondent, including whether the respondent had been adjudicated a juvenile offender under this code and, if so, whether the offenses were against persons or property, and any other previous history or antisocial behavior or patterns of physical violence; (6) the sophistication or maturity of the respondent as determined by consideration of the respondent's home, environment, emotional attitude, pattern of living or desire to be treated as an adult; (7) whether there are facilities or programs available to the court which are likely to rehabilitate the respondent prior to the expiration of the court's jurisdiction under this code; and (8) whether the interests of the respondent or of the community would be better served by criminal prosecution or extended jurisdiction juvenile prosecution." K.S.A. 38-1636(e).

We held in *Smith* that a judge must consider all eight of these statutory factors before certifying a juvenile for adult prosecution. 268 Kan. at 245 (citing *State v. Randolph*, 19 Kan. App. 2d 730, 738, 876 P.2d 177, *rev. denied* 255 Kan. 1006 [1994]). Although the court must consider all of the statutory factors, "[t]he judge is

not required to give equal weight to the factors." *Smith*, 268 Kan. at 244 (citing *Valdez*, 266 Kan. 774, Syl. ¶ 2). Nevertheless, failure to properly consider the statutory factors is reversible error because there is no other way for the court to obtain jurisdiction over an adult prosecution of a juvenile. See *Breedlove*, 285 Kan. at 1012; *State v. Mayfield*, 241 Kan. 555, 561, 738 P.2d 861 (1987). And as previously stated, without jurisdiction, any sentence entered by the court is illegal and a nullity. *Breedlove*, 285 Kan. at 1009.

While the court must consider all eight statutory factors, evidence supporting all factors is not required. See *Valdez*, 266 Kan. at 783 (K.S.A. 38-1636[e] "does not require evidence supporting all eight factors, only that those factors be considered by the court"). The *Valdez* court affirmed the district court's decision granting a MAP, concluding that the decision was supported by sufficient evidence because "the judge announced that she would consider the criteria listed in K.S.A. 38-1636(e)." 266 Kan. at 783. The *Valdez* court continued, stating that "[a]lthough the judge did not make formal findings as to each factor, she clearly gave consideration to each one and reviewed the evidence presented." 266 Kan. at 783. We reach the same conclusion here.

The ruling Makthepharak challenges occurred during a hearing on the State's MAP in 2001 where the judge certified him for adult prosecution. At that time, the judge stated on the record:

"I'll find that this juvenile is not amenable to being treated further as a juvenile. The seriousness of these offenses, the fact that this offense occurred ten days to less than two weeks after he was released from Larned Correctional Facility, his long history with the court system, and his failure to successfully complete Larned, all show that he needs to be treated as an adult and he will be so, be so treated."

Following this statement, the district court recessed. Upon returning, the judge added:

"One thing I wanna [sic] put on the record before we proceed with arraignment, because I got to thinking about it and I didn't make the record clear. *I am aware and did consider all of the statutory factors in making the decision to waive juvenile court jurisdiction* and find the ones I put on the record outweigh the other factors if they're even applicable." (Emphasis added.)

We conclude the district court properly considered the statutory factors in K.S.A. 38-1636(e). It is clear from the court's statement

on the record that it considered all eight factors. See *Valdez*, 266 Kan. at 783. Further, although the court could have been more explicit, the substance of its statement reveals that it relied on statutory factors (1), (2), (3), (5), (7), and (8) for its certification. The court expressly stated on the record that it was aware of and had considered the other statutory factors and had found that, even if applicable, they were outweighed by the factors cited for its decision. Makthepharak is entitled to no more.

Because Makthepharak was properly certified as an adult under K.S.A. 38-1636(e), the district court had jurisdiction over his criminal trial. Its sentence was therefore lawful. So the district court did not err in 2011 when it held that Makthepharak's sentence is legal.

> *b.* *The district court did not commit reversible error in its construction of Makthepharak's pro se motion to correct illegal sentence.*

Makthepharak next argues that the district court's order indicates that it improperly construed his pro se motion. So Makthepharak contends that we must reverse the court.

Judges must liberally construe a pro se pleading to "giv[e] effect to the pleading's content rather than the labels and forms used to articulate the defendant's arguments." *Kelly*, 291 Kan. at 565. As discussed, a motion to correct an illegal sentence under K.S.A. 22-3504 is proper only if the challenged sentence is illegal. *Trotter*, 296 Kan. at 902. We have "repeatedly held that K.S.A. 22-3504(1) has very limited applicability." *State v. Edwards*, 281 Kan. 1334, 1336, 135 P.3d 1251 (2006) (citing *State v. Gayden*, 281 Kan. 290, 293, 130 P.3d 108 [2006]).

Despite the statute's limited applicability, we recognize that it does apply to a sentence imposed on a juvenile offender who was not properly certified for adult prosecution. See *Breedlove*, 285 Kan. at 1009. Therefore, a pro se defendant who seeks relief under K.S.A. 22-3504 based on allegations that his or her sentence was imposed by a court that lacked jurisdiction for failure to properly certify the defendant as an adult has made a claim that fits under the statute.

We hold that Makthepharak's particular pro se motion properly raises the issue of his sentence's legality and seeks appropriate relief under K.S.A. 22-3504. It concludes by asking the court to reverse his convictions, but it also asks the court for further proceedings under the "juvenile code." It is clear that the substance of Makthepharak's claim includes an allegation that his sentence was imposed by a court that lacked jurisdiction to prosecute him as an adult. Reversal of conviction and remand for further proceedings under the Kansas Juvenile Offenders Code is precisely the relief this court granted in *Breedlove*, and it is precisely the relief Makthepharak's motion seeks.

In denying Makthepharak's motion, the district court stated in full: "Improper method utilized to attack sentence. *This sentence is not illegal*. Relief sought is not available under K.S.A. 22-3504." (Emphasis added.) Makthepharak correctly argues that the first and third sentences could be read to indicate the court improperly construed his motion. The district court erred in part by construing Makthepharak's motion as an improper method of attack and perhaps as seeking unavailable relief. But, despite this error, the second sentence shows that it did not deny Makthepharak's motion on an erroneous basis alone. The court clearly reached and decided the merits of Makthepharak's claim, concluding that his sentence was legal. And the third sentence could be interpreted as a conclusion logically following the holding of legality: Therefore "[r]elief sought is not available under K.S.A. 22-3504." In any event, any mistaken construction of Makthepharak's motion did not prejudice him because his claim was still considered—and properly denied—on its merits. Therefore, we affirm the district court's decision.

Affirmed.