NOT DESIGNATED FOR PUBLICATION

No. 112,313

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

BRYANT MASTRANGELO,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; WARREN M. WILBERT, judge. Opinion filed December 11, 2015. Affirmed.

*Korey A. Kaul*, of Kansas Appellate Defender Office, for appellant.

*Matt J. Maloney*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before POWELL, P.J., PIERRON and LEBEN, JJ.

*Per Curiam*: On July 12, 2013, Andre K. Mastrangelo was sentenced for the crimes of aggravated battery and criminal damage to property. The district court ordered a controlling sentence of 27 months' incarceration but then granted probation for a 24-month period. A short couple of months later, the State filed a warrant for Mastrangelo's violation of the conditions of his probation after he failed a blood-alcohol test. Mastrangelo does not challenge the violation. On December 4, 2013, the court revoked and then reinstated Mastrangelo's probation for an additional 24 months.

1

Again, a mere month and a half after his probation revocation and reinstatement, the State filed a warrant alleging Mastrangelo had failed to meet the conditions of his probation by possessing alcohol and violating the no-contact order with the victim. The State later modified the allegations to include that Mastrangelo had committed the offense of furnishing alcohol to a minor. On February 19, 2014, Mastrangelo admitted to the violations of possessing alcohol and contacting the victim, but he denied the offense of furnishing alcohol to a minor. The State agreed to proceeding only on the violations admitted by Mastrangelo. The district court revoked Mastrangelo's probation and ordered him to serve his incarceration sentence, finding that Mastrangelo had been given repeated opportunities to change his life and that he was no longer amenable to probation.

In June 2014, the district court granted Mastrangelo's motion to file a notice of appeal out of time. In early July 2014, Mastrangelo wrote a letter to the district attorney asking for graduated sanctions and a return to community corrections. On September 5, 2014, this court granted Mastrangelo's motion for permission to appeal out of time. On appeal, Mastrangelo limited his arguments to the district court's failure to impose the intermediate sanctions for probation violations.

The intermediate sanction provisions now claimed by Mastrangelo are retroactive and applicable to him. K.S.A. 2014 Supp. 22-3716(c)(12) expressly provides: "The violation sanctions provided in this subsection shall apply to any violation of conditions of release or assignment or a nonprison sanction occurring on and after July 1, 2013, regardless of when the offender was sentenced for the original crime or committed the original crime for which sentenced." See *State v. Kurtz*, 51 Kan. App. 2d 50, 56, 340 P.3d 509 (2014) ("The legislature has therefore clarified that the date that controls the law that applies to the imposition of sanctions for violating probation is the law that existed when a defendant violated probation, not the law that existed when the defendant committed the underlying crime as this court held in *Dreier* [29 Kan. App. 2d 958, Syl. ¶ 2, 34 P..3d 480 (2001)], nor the law in effect when the probation hearing occurred."), *rev. denied* 302

2

Kan. ___ (September 23 2013). The events of Mastrangelo's probation violations occurred in 2014. Consequently, the applicability date of July 1, 2013, for imposing intermediate sanctions was met.

The intermediate sanctions issue was not raised, by either party, at Mastrangelo's probation revocation hearing. He argues for the first time on appeal that the district court erred by ordering him to serve his underlying sentence without first imposing an intermediate sanction under K.S.A. 2014 Supp. 22-3716(c).

As a general rule, issues not raised before the district court cannot be raised on appeal. See *State v. Kelly*, 298 Kan. 965, 971, 318 P.3d 987 (2014). There are several exceptions to this general rule, including: (1) The newly asserted theory involves only a question of law arising on proved or admitted facts and is finally determinative of the case; (2) consideration of the theory is necessary to serve the ends of justice or to prevent the denial of fundamental rights; and (3) the judgment of the trial court may be upheld on appeal despite its reliance on the wrong ground or having assigned a wrong reason for its decision. *State v. Phillips*, 299 Kan. 479, 493, 325 P.3d 1095 (2014).

Supreme Court Rule 6.02(a)(5) (2014 Kan. Ct. R. Annot. 41) requires an appellant to explain why an issue that was not raised below should be considered for the first time on appeal. Litigants who fail to comply with this rule risk a ruling that the issue is improperly briefed and will be deemed waived or abandoned. *State v. Williams*, 298 Kan. 1075, 1085, 319 P.3d 528 (2014) (cautioning future litigants to comply with rule).

In *State v. Klima*, No. 110,660, 2014 WL 3843473, at *2-3 (Kan. App. 2014) (unpublished opinion), *rev. denied* 302 Kan. ___ (August 10, 2015), the court found that a challenge to a district court's purported failure to implement the graduated sanction framework in K.S.A. 2013 Supp. 22-3716(c) was not properly raised on appeal because it was not first presented to the district court. In that case, *Klima* did not acknowledge his

3

failure to raise the argument below, nor did he assert any of the exceptions to the general rule preventing him from raising the issue for the first time on appeal. In light of the warning in *Williams*, 298 Kan. at 1085-86, the court declined to address the issue on the merits. *Klima*, 2014 WL 3843473, at *2-3.

Here, Mastrangelo acknowledges that we generally will not review issues raised for the first time on appeal and he does not argue that any of the exceptions to that rule apply in his case. Rather, he attempts to circumvent the rule by characterizing his appeal as a challenge to an illegal sentence. Consequently, he asserts we can correct this illegal sentence at any time. The State disputes this assertion.

There is a fundamental problem with Mastrangelo's attempt to classify his challenge to the revocation of his probation and the order to serve his underlying prison sentence as a challenge to an illegal sentence. An illegal sentence, as contemplated by K.S.A. 22-3504(1), is a sentence imposed by a court without jurisdiction; a sentence that does not conform to the statutory provision, either in the character or the term of authorized punishment; or a sentence that is ambiguous with respect to the time and manner in which it is to be served. *State v. Taylor*, 299 Kan. 5, 8, 319 P.3d 1256 (2014). Our Supreme Court has held that K.S.A. 22-3504(1) has very limited applicability. *Makthepharak v. State*, 298 Kan. 573, 581, 314 P.3d 876 (2013).

Mastrangelo is not actually challenging the legality of his underlying sentence. Rather, he is objecting to the revocation of his probation, which would not fall within the Supreme Court's definition of a sentence. As explained in *State v. Simmons*, 50 Kan. App. 2d 448, Syl. ¶ 7, 329 P.3d 523 (2014), *petition for rev. filed* July 25, 2014:

> "Ordinarily, in a legal sense, 'sentence' is synonymous with 'judgment' and
> denotes the action of a court of criminal jurisdiction formally declaring to the defendant

4

the legal consequences of the guilt which he or she has confessed or of which he or she has been convicted."

Mastrangelo did not raise his claim of an illegal sentence at the district court level; and even if he had, the imposition of his underlying prison sentence after his probation was revoked does not fit within our Supreme Court's narrow definition of a sentence.

Affirmed.