NOT DESIGNATED FOR PUBLICATION

No. 114,420

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

BOARD OF COUNTY COMMISSIONERS
OF BUTLER COUNTY, KANSAS,
*Appellee*,

v.

AMBER M. BARNES, *et al.,*
*Appellants*.

MEMORANDUM OPINION

Appeal from Butler District Court; MICHAEL E. WARD, judge. Opinion filed February 26, 2016.
Affirmed.

*Steven Ty Souter* and *Amber Marie Souter*, appellants pro se.

*Keyta D. Kelly*, of Kelly Law Office, L.L.P., of Tonganoxie, for appellee.

Before STANDRIDGE, P.J., LEBEN and POWELL, JJ.

*Per Curiam*:  Amber Marie Barnes, a/k/a Amber Souter, and Steven Ty Souter
(Souters) appeal the district court's grant of summary judgment in favor of the Butler
County Commissioners' (County) petition to foreclose on their property due to a
delinquent real estate tax debt. On appeal, the Souters make the same claim they did
before the district court, namely, they do not deny owing the taxes but need additional
time to pay. Because the uncontroverted facts in the record show that the Souters' tax
debt was delinquent and the County was entitled to foreclose on their property, we affirm
the district court.

1

On February 5, 2015, the County filed a petition to foreclose on numerous properties with delinquent real estate tax debt located in Butler County. The petition alleged that Amber Souter (then named Amber M. Barnes) owed $5,902.62 and was delinquent from 2010 through 2014. Amber was personally served as the owner, and Steven was residentially served as the tenant. The Souters filed an answer pro se, admitting the allegations in the petition but requesting that they be dismissed from the foreclosure proceeding in order to settle the debt at a later time due to their present financial hardship.

The County filed a motion for summary judgment to which the Souters did not respond. At the hearing on the motion, the Souters appeared and again admitted that the taxes were unpaid and requested that they be given an opportunity to later pay the debt without being foreclosed upon. The district court granted the County's motion for summary judgment. The Souters timely appeal.

Under Kansas law,

> "'"[s]ummary judgment is appropriate when . . . there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law. The trial court is required to resolve all facts and inferences which may reasonably be drawn from the evidence in favor of the party against whom the ruling is sought. . . . On appeal, we apply the same rules and where we find reasonable minds could differ as to the conclusions drawn from the evidence, summary judgment must be denied."' [Citations omitted.]" *Stanley Bank v. Parish*, 298 Kan. 755, 759, 317 P.3d 750 (2014).

Construing their brief liberally, see *Makthepharak v. State*, 298 Kan. 573, 581, 314 P.3d 876 (2013), the Souters rely on "Kansas Tax Code Ch. 33 Section 33.02" to argue that the County provided them with insufficient time to pay their outstanding tax debt before being foreclosed upon. Unfortunately for the Souters, this statute does not exist in

2

Kansas, but the citation appears to be very similar to a Texas statute. See Tex. Tax Code Ann. § 33.02 (2015). While there is a provision in Kansas law that allows a county treasurer to accept partial payments of delinquent taxes according to guidelines established by that county treasurer, the provision is not mandatory and does not prevent a county from foreclosing on property. See K.S.A. 2015 Supp. 79-2024.

The record shows the County complied with Kansas law in foreclosing upon the Souters' property. The undisputed facts are that the property was delinquent for tax years 2010 through 2014. In 2011, the County perfected its lien pursuant to K.S.A. 79-2301 *et seq.* for the delinquent 2010 taxes, triggering a 3-year redemption period that expired in 2014. The Souters could have prevented foreclosure by simply paying the taxes owed for 2010 any time during the redemption period. See K.S.A. 2015 Supp. 79-2401a(b)(1). They did not. Accordingly, the County was then within its rights to foreclose, leading it to file the foreclosure petition on February 5, 2015. Because the County had the right to foreclose on the Souters' property, the district court was correct in granting the County summary judgment.

Affirmed.