NOT DESIGNATED FOR PUBLICATION

No. 113,527

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JUDITH R. WEST,
*Appellant*.

MEMORANDUM OPINION

Appeal from Reno District Court; JOSEPH L. MCCARVILLE III, judge. Opinion filed May 6, 2016. Reversed and remanded with directions.

*Carol Longenecker Schmidt*, of Kansas Appellate Defender Office, for appellant.

*Daniel D. Gilligan*, assistant district attorney, *Keith E. Schroeder*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MALONE, C.J., BUSER and BRUNS, JJ.

*Per Curiam*:  Judith West appeals the district court's order revoking and reinstating her probation, including the imposition of a 60-day jail sanction. West contends that her original 24-month probationary term was illegal because the sentencing judge failed to state sufficient findings to impose more than the statutory 18-month probationary period. As a result, West argues that the district court lacked jurisdiction to revoke and reinstate her probation. We agree. Thus, we reverse and remand with directions to discharge West from probation.

1

On January 13, 2005, West pled guilty to two counts of making a false information, severity level 8 nonperson felonies. The plea agreement recommended that the district court place West on probation for a period of 18 months. On February 18, 2005, the district court imposed a controlling sentence of 14 months' imprisonment but placed West on probation with community corrections for 24 months. As a condition of probation, the district court ordered West to pay $12,622.73 in restitution.

In a journal entry filed on January 25, 2007, the district court extended West's probation for 1 year for failure to pay court costs and restitution. Over the next several years, the district court extended the term of West's probation multiple times, with the last extension being through April 24, 2016.

On June 26, 2013, the State filed a motion to revoke West's probation alleging she failed to report to her probation officer and failed to make reasonable progress towards payment of restitution. In response, West filed a motion to dismiss, arguing that the district court lacked jurisdiction because the original probation term was illegal. Specifically, West argued that her original term of probation should have been 18 months unless the district court made sufficient findings at sentencing, which it failed to do, to impose a longer term of probation. Thus, West argued that her original term of probation expired after 18 months and the district court lacked jurisdiction to address the State's motion to revoke her probation. At a hearing on February 27, 2015, the district court rejected West's argument and denied her motion to dismiss. The district court revoked and reinstated West's probation for 18 months and ordered her to serve a 60-day jail sanction. West filed a timely notice of appeal.

On appeal, West again challenges the district court's jurisdiction to revoke her probation and extend its term. The substance of her argument is that the district court imposed an illegal sentence in 2005 and that the district court's jurisdiction to extend her probation has long since lapsed.

2

"Determining whether a sentence is illegal is a question of law over which this court has unlimited review." *State v. Neal*, 292 Kan. 625, 630, 258 P.3d 365 (2011). The Kansas Supreme Court has defined an illegal sentence as a sentence imposed by a court without jurisdiction; a sentence that does not conform to the applicable statutory provision, either in the character or the term of authorized punishment; or a sentence that is ambiguous with respect to the time and manner in which it is to be served. *Makthepharak v. State*, 298 Kan. 573, 578, 314 P.3d 876 (2013).

K.S.A. 21-4611(c)(4) provides that the term of probation or assignment to community corrections for an individual convicted of a severity level 8 nonperson felony is 18 months. However, K.S.A. 21-4611(c)(5) provides that the term of probation may be imposed for a longer period "[i]f the court finds and sets forth with particularity the reasons for finding that the safety of members of the public will be jeopardized or that the welfare of the inmate will not be served by the length of probation terms provided in subsections (c)(3) or (c)(4)."

Here, the the district court did not impose the 18-month statutory standard term of probation but instead imposed a 24-month term. In doing so, the judge stated:

> "Now, from these sentences, Ms. West, I will assign you to Community Corrections. How you are going to meet the restitution requirements is beyond me but that is something you will have to do. Community Corrections because of the restitution, I'm going to make the Community Corrections assignment for a period of 24 months. Your Community Corrections agreement will include those provisions that are recommended in the presentence investigation. It will also include that you not open any type of bank account. Total restitution that I am ordering is $12,622.73. I understand that to be $12,058.95 in this case and as agreed by the parties $563.78 from the case that was dismissed pursuant to the plea agreement. Ms. West, you still have the opportunity to remain outside of the Department of Corrections by complying with Community Corrections."

3

To support her claim that the district court improperly extended the term of her probation, West cites *State v. McFeeters*, 52 Kan. App. 2d 45, 362 P.3d 603 (2015). In that case, McFeeters pled guilty to a drug crime and the district court placed him on probation for 18 months. The State moved to revoke probation, and McFeeters admitted he had failed to report as directed. The district court revoked McFeeters' probation and ordered him to serve his prison sentence. The judge's comments during the revocation hearing centered around McFeeters' drug use relapses, his failure to report, and questions about his honesty in completing his drug evaluation.

On review, this court noted that before revoking McFeeters' probation, the district court was required to impose an intermediate sanction unless, under K.S.A. 2014 Supp. 22-3716(c)(9), the court set forth with particularity reasons for finding that the safety of the members of the public would be jeopardized or that the welfare of the offender would not be served by such a sanction. This is essentially the same finding the district court must make under K.S.A. 21-4611(c)(5) in order to extend the initial term of a defendant's probation. In *McFeeters*, this court stated that "'[w]hen something is to be set forth with particularity, it must be distinct rather than general, with exactitude of detail, especially in description or stated with attention to or concern with details.' [Citation omitted.]" 52 Kan. App. 2d at 48. This court further noted that when particularized findings are required by statute, implicit findings will not suffice. 52 Kan. App. 2d at 48-49.

This court determined that the judge's remarks at McFeeters' revocation hearing were simply a repeat of the type of comments and reasoning district courts historically rely on in analyzing amenability for probation. 52 Kan. App. 2d at 49. Because the district court did not explain how the imposition of an intermediate sanction would jeopardize the public safety or how such a sanction would not serve McFeeters' welfare, this court concluded that the district court failed to make findings with sufficient particularity to revoke McFeeters' probation. 52 Kan. App. 2d at 49.

4

In response to West's argument, the State cites this court's unpublished opinion in *State v. Vap*, No. 111,798, 2015 WL 4716309 (Kan. App. 2015) (unpublished opinion), *petition for rev. filed* August 26, 2015. In that case, one of the issues was a challenge to the district court's imposition of a 36-month probationary term versus the standard 12-month term. The sentencing judge imposed the extended term of probation to allow the defendant sufficient time to pay the ordered restitution. In doing so, the sentencing judge expressly found that the extended term of probation was "consistent with the public safety, the needs of the defendant." 2015 WL 4716309, at *7. On appeal, this court found that although the district court was not as clear as it could have been in its rationale for extending probation, it had properly set forth with particularity a reason that served the defendant's welfare. 2015 WL 4716309, at *8.

The State's reliance on *Vap* is misplaced. In *Vap*, this court determined that the district judge's findings were sufficient to extend the term of probation because the judge specifically tied its findings to the defendant's welfare, as required by the statute. The sentencing judge in West's case, however, failed to make the proper statutory findings.

Here, the district court extended the original term of West's probation for 24 months "because of the restitution." However, nothing in the judge's comments at sentencing indicated that he was concerned for the safety of the public or the welfare of West. Rather, the judge was simply concerned that West could not pay off the considerable amount of restitution in 18 months. If that was the district court's only concern, the district court could have waited until the end of the standard 18-month probation to extend the period of West's supervision based on a judicial finding of necessity. See K.S.A. 21-4611(c)(8). Applying the rationale of *McFeeters*, we conclude that West's sentencing judge failed to set forth with particularity the reasons for finding that the safety of members of the public would be jeopardized or that West's welfare would not be served by an 18-month probationary period.

5

The district court sentenced West on February 18, 2005. If the district court had imposed the standard 18-month term of probation, the probation term would have expired on August 18, 2006. Nothing in the record shows there was any action toward extending or revoking West's probation until January 25, 2007. We agree with West that the district court lacked jurisdiction to extend her probation on that date; likewise, the district court lacked jurisdiction to thereafter extend the term of West's probation. The district court's decision to revoke and reinstate West's probation on February 27, 2015, is reversed, and the case is remanded with directions to discharge West from probation. Although West is discharged from her criminal case, we note that the district court's restitution order may be enforced as a civil judgment pursuant to K.S.A. 60-4301 *et seq.*

Reversed and remanded with directions.