NOT DESIGNATED FOR PUBLICATION

No. 114,761

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

STEVEN W. PONDS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JOHN J. KISNER, JR., judge. Opinion filed November 18, 2016. Affirmed.

*Michael P. Whalen* and *Krystle M.S. Dalke*, of Law Office of Michael P. Whalen, of Wichita, for appellant.

*Lance J. Gillett*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MCANANY, P.J., PIERRON, J., and BURGESS, S.J.

*Per Curiam*: Steven W. Ponds was found guilty in 2012 of 14 felony charges including aggravated burglary, attempted burglary, and multiple counts of burglary and theft. These crimes were committed in 2009.

Pond's presentence investigation (PSI) report revealed that Ponds had an extensive criminal history dating back to 1977. The PSI calculated his criminal history score as A based on six prior person felony convictions consisting of burglary convictions in 1981,

1

1984, and 1989; aggravated burglary convictions in 1989 and 1996; and an attempted burglary conviction in 2006.

The district court denied a downward departure and sentenced Ponds to a controlling term of 244 months in prison. Ponds appealed, and this court affirmed in *State v. Ponds*, No. 109,965, 2015 WL 249836 (Kan. App. 2015) (unpublished opinion), *cert. denied* 136 S. Ct. 2024 (2016).

While Ponds' direct appeal was pending, he filed a motion to correct an illegal sentence, asserting that the district court erroneously classified his pre-1993 convictions as person offenses in calculating his criminal history score. He relied on *State v. Murdock*, 299 Kan. 312, 323 P.3d 846 (2014), *overruled by State v. Keel*, 302 Kan. 560, 589, 357 P.3d 251 (2015), *cert. denied* 136 S. Ct. 865 (2016). He later moved to correct his sentence based on *State v. Dickey*, 50 Kan. App. 2d 468, 329 P.3d 1230 (2014), *aff'd* 301 Kan. 1018, 350 P.3d 1054 (2015). The district court summarily denied relief, and Ponds appeals.

On appeal, Ponds argues that his three pre-1993 burglary convictions and his pre-1993 aggravated burglary conviction should have been scored as nonperson felonies for criminal history purposes based on our Supreme Court's holding in *State v. Dickey*, 301 Kan. 1018, 350 P.3d 1054 (2015).

We have unlimited review over these issues. *State v. Keel*, 302 Kan. 560, 571, 357 P.3d 251 (2015), *cert. denied* 136 S. Ct. 865 (2016); *Makthepharak v. State*, 298 Kan. 573, 577, 314 P.3d 876 (2013).

The State contends we do not have jurisdiction to consider Ponds' claims. This is because Ponds' motion was filed and considered while his direct appeal was still pending.

2

Generally, the district court loses jurisdiction over a case upon filing of a motion to docket an appeal with the clerk of the appellate courts. See *State v. Fritz*, 299 Kan. 153, 155, 321 P.3d 763 (2014). Further, the district court lacks jurisdiction to consider posttrial motions in a criminal case once the appeal is docketed. See *State v. Smith*, 278 Kan. 45, 51, 92 P.3d 1096 (2004). But K.S.A. 22-3504(1) provides a clear statutory directive that "[t]he court may correct an illegal sentence at any time." Applying this clear legislative statement, we have jurisdiction to consider whether Ponds' sentence is illegal.

The State also argues (1) a motion to correct an illegal sentence under K.S.A. 22-3504 is not the appropriate vehicle for bringing a constitutional claim; (2) Ponds' claims are barred by the doctrine of res judicata; and (3) Ponds is not entitled to retroactive application of our Supreme Court's holding in *Dickey*. But in *State v. Dickey*, 305 Kan. ___, 380 P.3d 230, 233 (2016) (*Dickey II*), our Supreme Court rejected the State's argument that the defendant's claim could not be brought as a motion to correct an illegal sentence. The *Dickey II* court also clarified that claims of retroactivity and res judicata "are all unavailing in the context of a motion to correct an illegal sentence which can be made at any time." 380 P.3d at 234. Thus, Ponds is not procedurally barred from seeking relief through a motion to correct an illegal sentence.

*Pre-1993 burglary convictions*

Turning to the merits of Ponds' arguments, we must first determine whether the district court erred in classifying Ponds' pre-1993 burglaries as person felonies. With respect to burglaries, in the current sentencing guidelines era we generally distinguish burglaries of dwellings (person crimes) from burglaries of other structures (nonperson crimes). But at the time of these convictions in 1981, 1984, and 1989, Kansas law did not distinguish burglaries of dwellings from burglaries of other structures.

In *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), the United States Supreme Court held that any fact that increases the penalty for a crime beyond the prescribed statutory maximum, other than the fact of a prior conviction, must be submitted to a jury and proved beyond a reasonable doubt. 530 U.S. at 490. In *Descamps v. United States*, 570 U.S. ___, 133 S. Ct. 2276, 186 L. Ed. 2d 438 (2013), the United States Supreme Court held that *Apprendi* applies when a sentencing court enhances a defendant's sentence based on a finding that goes beyond the existence of a prior conviction or the statutory elements that comprised the prior conviction. *Descamps*, 133 S. Ct. at 2288-89.

Then in *Dickey*, our Kansas Supreme Court applied *Apprendi* and *Descamps* to a defendant who had a presentencing guidelines adjudication for burglary. The *Dickey* court determined that because the burglary statute under which the defendant was adjudicated did not require proof that the burgled structure was a dwelling, the finding by the sentencing court that the burgled structure was a dwelling (making the crime a person crime under our postguidelines protocol) constituted improper judicial factfinding in violation of *Apprendi* and *Descamps*. Thus, for criminal history purposes, Dickey's prior burglary adjudication should have been classified as a nonperson felony. *Dickey*, 301 Kan. 1018, Syl. ¶ 8.

Applying the holding in *Dickey*, Ponds' preguidelines burglary convictions in 1981, 1984, and 1989 should have been characterized as nonperson crimes.

*1989 aggravated burglary conviction*

With respect to Ponds' 1989 aggravated burglary conviction, at the time of this crime aggravated burglary was not classified as either a person or nonperson crime in Kansas. See K.S.A. 21-3716 (Ensley 1988). Since adoption of the sentencing guidelines, all aggravated burglaries are treated as person crimes.

4

Ponds relies on *Murdock*, in which the Kansas Supreme Court held that out-of-state crimes committed before the enactment of the sentencing guidelines in 1993 must be classified as nonperson offense for criminal history purposes. 299 Kan. 312, Syl. ¶ 5. But in *Keel*, our Supreme Court overruled *Murdock*. For in-state presentencing guidelines convictions, the *Keel* court directed that the sentencing court should look to the statute criminalizing the prior offense in effect on the date the defendant committed the current crime of conviction. 302 Kan. at 590. This means that Ponds' aggravated burglary conviction would be treated as a person offense.

This holding in *Keel* became statutory law with the enactment of L. 2015, ch. 5, sec. 1, which provided that all prior convictions and juvenile adjudications should receive person/nonperson designations by comparing the crime to the comparable Kansas offense in effect on the date the defendant committed the current crime of conviction. The legislature specifically provided that the amendment should be construed and applied retroactively. L. 2015, ch. 5, sec. 1(d)(2), (d)(3)(B), (e).

Ponds argues that applying the amended statute to him violates the Ex Post Facto Clause of Article I, Section 10 of the United States Constitution. But Ponds makes this argument only to seek application of the holding in *Murdock*. Because *Murdock* has been overruled, Ponds' ex post facto argument does not apply.

The aggravated burglary statute in Kansas has always required proof of the presence of a human being and has always been classified as a felony. See K.S.A. 21-3716 (Weeks 1974); K.S.A. 21-3716 (Ensley 1981 & 1988). Ponds' current crimes were committed in 2009. At that time, aggravated burglary was classified as a person felony. See K.S.A. 21-3716 (Torrence 2007). Based on *Keel*, the district court correctly classified Ponds' 1989 conviction for aggravated burglary as a person offense for the purpose of calculating his current sentence.

*Mootness*

The State asserts that Ponds' challenge to his criminal history is moot because even removing Ponds' three pre-1993 burglary convictions from his criminal history, he still has at least three prior person felonies remaining.

We agree. After deleting Ponds' three pre-1993 burglary convictions, his criminal history still includes a 1989 aggravated burglary conviction, a 1996 aggravated burglary conviction, and a 2006 attempted burglary conviction. Ponds' criminal history score is still A even after his pre-1993 burglary convictions are reclassified as nonperson offenses because he still has "three or more adult convictions . . . for person felonies." See K.S.A. 2015 Supp. 21-6809; see *State v. Montgomery*, 295 Kan. 837, 840, 286 P.3d 866 (2012); *State v. Hayes*, No. 114,410, 2016 WL 3883513, at *2 (Kan. App. 2016) (unpublished opinion), *petition for rev. filed* August 1, 2016 (finding a challenge to criminal history moot when the defendant's criminal history score would remain an A even if the offenses were reclassified under *Dickey*).

Remanding the case to the district court, as Ponds urges, would accomplish nothing. Even without his three preguidelines burglaries treated as person felonies his criminal history remains a category A, the highest possible score. Thus, there is no risk that the misclassification of his pre-1993 burglaries will have any effect on any future sentence.

The erroneous classification of Ponds' pre-1993 burglaries did not render his sentence illegal because the error did not cause his sentence to fail to conform to the applicable statutory provision in the term of the punishment authorized. Ponds' criminal history score is A even without his pre-1993 burglaries.

Affirmed.

6