NOT DESIGNATED FOR PUBLICATION

No. 115,984

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

SEAN L. CLAYBOURN,
*Appellant*.

MEMORANDUM OPINION

Appeal from Wyandotte District Court; R. WAYNE LAMPSON, judge. Opinion filed March 31, 2017. Affirmed.

*Gerald E. Wells*, of Jerry Wells Attorney-at-Law, of Lawrence, for appellant.

*Edward J. Bain*, assistant district attorney, *Jerome A. Gorman*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., BUSER and POWELL, JJ.

*Per Curiam*: Sean L. Claybourn appeals the district court's summary denial of his pro se motion for relief from a void judgment. On appeal, however, Claybourn requests that we consider his motion as a motion to correct illegal sentence under K.S.A. 22-3504. We accede to Claybourn's request, and upon our review of the record on appeal and the parties' briefs, we conclude that the district court did not err in denying Claybourn's motion.

1

On May 29, 1993, Claybourn was involved in an altercation with a police officer. On June 2, 1993, the State filed an amended information charging Claybourn with aggravated battery of a law enforcement officer, in violation of K.S.A. 1992 Supp. 21-3415. Prior to trial, the State and Claybourn entered into a plea agreement. In accordance with that agreement, on April 19, 1994, Claybourn pled guilty to the felony offense of aggravated assault in violation of K.S.A. 21-3410.

Claybourn was sentenced on May 17, 1994, to 3 to 10 years' imprisonment, using the pre-Kansas Sentencing Guidelines Act statutory sentencing range for a class D felony. Probation was denied. On July 25, 1994, Claybourn filed a motion to modify the sentence and to grant him probation. The district court granted probation on October 19, 1994.

About 20 years later, on December 1, 2014, Claybourn filed a pro se motion for relief from a void judgment pursuant to K.S.A. 2016 Supp. 60-260 and K.S.A. 60-2606. The motion is the subject of this appeal. In the motion, Claybourn argued that he was a 17-year-old juvenile at the time of the offense, and the district court did not have jurisdiction to convict and sentence him as an adult under Kansas criminal law.

On January 26, 2015, the district court summarily dismissed Claybourn's motion finding:

> "A review of the juvenile court file in this case shows that on the 2nd day of June, 1993, the matter came before Judge Mathew Podrebarac, who determined that under the provisions of K.S.A. 38-1602(b)(3), which was the juvenile code at that time, Mr. Claybourn was no longer subject to the juvenile code, as he had already been adjudicated for two (2) prior felonies, that he was over the age of 16 when this crime was alleged to have been committed, and therefore he was considered automatically waived to adult

2

court on this case. All proceedings following that ruling were consistent with the Adult Criminal Code. A review of the court file would indicate that to be the case. As such, the allegations herein are without merit."

Claybourn filed an appeal with our court.

ANALYSIS

On appeal, Claybourn contends that his sentence was illegal under K.S.A. 22-3504. In particular, Claybourn argues that the district court did not have jurisdiction to preside over the adult criminal case because he was a juvenile at the time the aggravated assault was committed.

An illegal sentence is defined as "'(1) a sentence imposed by a court without jurisdiction; (2) a sentence that does not conform to the applicable statutory provision, either in the character or the term of authorized punishment; or (3) a sentence that is ambiguous with respect to the time and manner in which it is to be served.'" *Makthepharak v. State*, 298 Kan. 573, 578, 314 P.3d 876 (2013) (quoting *State v. Trotter*, 296 Kan. 898, 902, 295 P.3d 1039 [2013]). Whether a sentence is illegal within the meaning of K.S.A. 22-3504 is a question of law over which we have unlimited review. *Makthepharak*, 298 Kan. at 578.

At the time Claybourn committed the offense of aggravated assault, K.S.A. 1992 Supp. 38-1602(b)(3) excluded from prosecution under the Kansas Juvenile Offenders Code:

> "a person 16 years of age or over who is charged with a felony . . . after having been adjudicated in two separate prior juvenile proceedings as having committed an act which would constitute a felony if committed by an adult and the adjudications occurred prior to the date of the commission of the new act charged."

3

As found by the district court, at the time of the commission of the felony of aggravated assault, Claybourn was over 16 years of age, and he had two prior, separate adjudications (Wyandotte County case Nos. 91 JV 1728 and 93 JV 131) which, if he had been an adult, would have been felonies under the Kansas Criminal Code. Under these circumstances, Claybourn's prosecution as an adult rather than as a juvenile was permissible under K.S.A. 1992 Supp. 38-1602(b)(3).

Claybourn does not dispute the relevant facts which allowed the State to waive this otherwise juvenile offender to adult criminal status. We find substantial competent evidence supports the district court's factual findings. We conclude that Claybourn's sentence was not illegal and the district court did not err as a matter of law in denying his motion.

Affirmed.