NOT DESIGNATED FOR PUBLICATION

No. 115,741

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ANDREW T. LOPEZ,
*Appellant.*

MEMORANDUM OPINION

Appeal from Sedgwick District Court; BRUCE C. BROWN, judge. Opinion filed September 1, 2017. Affirmed.

*Carl F.A. Maughan*, of Maughan Law Group LC, of Wichita, for appellant.

*Boyd K. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MALONE, P.J., LEBEN and BRUNS, JJ.

LEBEN, J.: Andrew Lopez appeals the district court's decision to correct his sentence so that it provide he receive lifetime supervision when released from prison

rather than the 36 months of postrelease supervision the court originally announced. He argues that the court should be held to the sentence it initially announced.

But Kansas law provides that a sentence that doesn't conform to statutory requirements may be corrected at any time. And a Kansas law statute provides for lifetime postrelease supervision for someone convicted of aggravated indecent liberties with a child. So the district court was required to correct its sentence, which didn't conform to statutory requirements. We therefore affirm its judgment.

FACTUAL AND PROCEDURAL BACKGROUND

In June 2011, Lopez pled guilty to two counts of aggravated indecent liberties with a child for crimes committed in 2008 and 2009. The district court sentenced Lopez to a total of 92 months in prison, followed by 36 months' postrelease supervision.

In February 2016, the State filed a motion to correct an illegal sentence, contending that the district court should have sentenced Lopez to lifetime postrelease supervision under K.S.A. 2016 Supp. 22-3717(d)(1)(G). In response, Lopez' attorney filed a motion arguing that Lopez opposed resentencing, that imposing lifetime postrelease supervision would be cruel and unusual punishment, and that the court should depart from the sentencing guidelines and impose a shorter period of postrelease supervision than would otherwise be required.

After holding a hearing on the motions in March 2016, the district court granted the State's motion and resentenced Lopez to lifetime postrelease supervision. The court denied Lopez' motion after concluding it had to impose lifetime postrelease supervision under the sentencing statutes.

Lopez then appealed to our court.

2

On appeal, Lopez argues that the district court erred in granting the State's motion to correct an illegal sentence, contending that we should treat the sentence originally imposed by the district court as a valid departure sentence. Lopez also argues that the district court had no jurisdiction or authority to resentence him. The State responds that because Lopez' original sentence was illegal, the district court had jurisdiction to correct it and did not err in imposing lifetime postrelease supervision.

Under K.S.A. 22-3504(1), a court "may correct an illegal sentence at any time." See *State v. Reese*, 306 Kan. 279, 281, 393 P.3d 599 (2017). The Kansas Supreme Court has defined an "illegal sentence" to include "'a sentence that does not conform to the applicable statutory provision, either in the character or the term of the authorized punishment.'" *State v. Gray*, 303 Kan. 1011, 1014, 368 P.3d 1113 (2016) (quoting *Makthepharak v. State*, 298 Kan. 573, 578, 314 P.3d 876 [2013]); see also L. 2017, ch. 62, § 9 (amending K.S.A. 22-3504 to include the definition of illegal sentence effective May 18, 2017). Whether a sentence is illegal is a question of law that we review independently, with no required deference to the district court's conclusion. *State v. Lee*, 304 Kan. 416, 417, 372 P.3d 415 (2016).

Under K.S.A. 2016 Supp. 22-3717(d)(1)(G), a person convicted of a sexually violent crime committed on or after July 1, 2006, when released from prison, "shall be released to a mandatory period of postrelease supervision for the duration of the person's natural life." See also L. 2017, ch. 62, § 10; *State v. Herrmann*, 53 Kan. App. 2d 147, 152-54, 384 P.3d 1019 (2016), rev. denied 306 Kan. ___ (July 25, 2017). Under this statute, lifetime postrelease supervision is required for anyone convicted of a sexually violent crime committed on or after July 1, 2006. Aggravated indecent liberties with a child is, by statute, a sexually violent crime. K.S.A. 2016 Supp. 22-3717(d)(5)(C).

Lopez was convicted of sexually violent crimes—aggravated indecent liberties with a child—committed in 2008 and 2009. So the district court was required to impose lifetime postrelease supervision and had no authority to impose a shorter term of postrelease supervision. See *State v. Thomas*, No. 115,807, 2017 WL 2304452, at \*2 (Kan. App. 2017) (unpublished opinion). Because Lopez' original sentence of 36 months' postrelease supervision did not comply with the statutory provisions, the original sentence was illegal and could be corrected at any time.

Against these legal authorities, the defendant cites a rule that a district court does not generally have jurisdiction to change or modify a sentence after its imposition. But that rule applies only to a legally imposed sentence; the court has full authority to correct an illegal sentence. See *State v. Ballard*, 289 Kan. 1000, 1010, 1012, 218 P.3d 432 (2009) (concluding the district court had jurisdiction to correct defendant's illegal sentence of 36 months' postrelease supervision to lifetime postrelease supervision).

The defendant also argues that the district court's original use of a 36-month term of postrelease supervision should be treated as a departure sentence, an intentional decision of the district court to modify the normal lifetime postrelease supervision to only 36 months. But the district court gave no indication it chose 36 months as a departure sentence, and defendant cites no authority that the district court even has authority to depart from the mandatory lifetime postrelease supervision specified by statute. We find no error in the district court's decision to correct Lopez' sentence by imposing lifetime postrelease supervision.

The district court's judgment is affirmed.