NOT DESIGNATED FOR PUBLICATION

No. 123,087

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

LARRY D. EDMOND,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; STEPHEN J. TERNES, judge. Opinion filed September 24, 2021. Affirmed.

*Larry D. Edmond*, appellant pro se.

*Matt J. Maloney*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before WARNER, P.J., MALONE and BUSER, JJ.

PER CURIAM: Larry Edmond appeals the district court's denial of his motion to correct an illegal sentence. But Edmond's motion challenges the convictions that gave rise to his sentences, not the legality of the sentences themselves. Because the relief Edmond seeks is not available through the motion he has filed, we affirm the district court's decision.

1

In 2012, a jury convicted Edmond of attempted second-degree murder, aggravated kidnapping, robbery, and aggravated battery. The circumstances leading to Edmond's convictions are summarized in this court's opinion in Edmond's direct appeal. See *State v. Edmond*, No. 109,617, 2014 WL 2402001 (Kan. App. 2014) (unpublished opinion), *rev. denied* 302 Kan. 1014 (2015). At sentencing, the district court ran all of Edmond's sentences concurrently for a controlling prison term of 586 months.

In the years that have followed, Edmond has challenged—and Kansas courts have considered—the legality of his sentence on multiple occasions. He filed his first motion to correct an illegal sentence before this court issued its opinion in his direct appeal. Relying on *State v. Murdock*, 299 Kan. 312, 323 P.3d 846 (2014), *overruled by State v. Keel*, 302 Kan. 560 (2015), he argued that the district court erred in characterizing a pre-1993 Kansas conviction as a person felony for criminal-history purposes. The district court held a nonevidentiary hearing and denied Edmond's motion. This court affirmed the denial in an order summarily disposing of the appeal under *Keel*.

In 2019, Edmond filed another motion to correct an illegal sentence, again arguing that the calculation of his criminal history score violated *Murdock*. The district court denied the motion, and we summarily affirmed the district court.

In mid-April 2020, Edmond filed two related pro se motions, arguing that the onset of the COVID-19 pandemic rendered his prison sentence unreasonable and illegal. The district court denied Edmond's request for relief.

Later that same month, Edmond filed two additional pro se motions, which are the subject of this appeal. In these motions, Edmond claimed that his sentences were illegal because his underlying convictions were invalid. In particular, he argued that under the

facts of his case, the most severe crime he could have been convicted of was domestic battery. The district court denied these motions on their merits without an evidentiary hearing, finding a hearing was unnecessary to resolve the legal issues. Edmond filed a motion for additional findings of fact and conclusions of law or to alter or amend the judgment. The district court denied this motion, and Edmond appealed.

Edmond asserts the district court erred when it denied his requested relief and argues that the court should have, at a minimum, held an evidentiary hearing on his claims. We do not reach these arguments due to a more fundamental defect in Edmond's claims—he cannot use a motion to correct an illegal sentence to challenge his underlying convictions. We therefore affirm the district court's denial of his motion, albeit for a different reason than the district court considered. Accord *State v. Overman*, 301 Kan. 704, 712, 348 P.3d 516 (2015) (district court's decision will be upheld if it reaches the correct result, even if its decision employed an unnecessary analysis).

DISCUSSION

A district court may resolve a motion to correct an illegal sentence under K.S.A. 22-3504 without holding an evidentiary hearing if the record conclusively establishes that the movant is not entitled to relief. See *Makthepharak v. State*, 298 Kan. 573, 577, 314 P.3d 876 (2013). When a district court denies a motion without entertaining evidence or making findings of fact, an appellate court's review is unlimited, as appellate judges are in the same position as the district court was to assess the motion. 298 Kan. at 577. The legality of a sentence is also a question of law over which an appellate court exercises unlimited review. 298 Kan. at 578 (citing *State v. Trotter*, 296 Kan. 898, 902, 295 P.3d 1039 [2013]).

K.S.A. 22-3504 defines an illegal sentence as (1) a sentenced imposed by a court without jurisdiction; (2) a sentence failing to conform to the applicable statutory

provisions in character or punishment; or (3) a sentence ambiguous with respect to the time and manner in which it is to be served at the time it is pronounced. K.S.A. 2020 Supp. 22-3504(c)(3); *State v. R.H.*, 313 Kan. 699, 702, 490 P.3d 1157 (2021). The relief Edmond seeks does not fit any of these circumstances.

Edmond's motion asserts that his sentence is illegal. But the claims he raises challenge the validity of his convictions, not the legality of the sentences imposed for his convictions. A motion to correct an illegal sentence under K.S.A. 22-3504 is not the proper procedural vehicle to challenge the validity of a conviction. See *Trotter*, 296 Kan. at 902 ("This court has repeatedly stated that the relief available under K.S.A. 22-3504 is correction of a sentence, not reversal of a conviction."); *State v. Sims*, 294 Kan. 821, 825, 280 P.3d 780 (2012) (holding that motion to correct an illegal sentence could not be used to challenge defective complaint because the challenge seeks to overturn the conviction, not merely the sentence). And Edmond's motion does not comply with any of the timing or other procedural requirements for motions challenging underlying convictions. See, e.g., K.S.A. 2020 Supp. 60-1507(f)(1) (motions for postconviction relief must be filed within one year of conclusion of direct appeal unless movant shows manifest injustice would result).

Because a motion to correct an illegal sentence is not the proper procedural vehicle to raise Edmond's challenges to his underlying convictions, the district court properly denied his most recent K.S.A. 22-3504 motions without an evidentiary hearing.

Affirmed.

4