No. 104,116

STATE OF KANSAS, *Appellee*, v. DOUGLAS HERONEMUS, *Appellant*.

(281 P.3d 172)

Opinion filed July 27, 2012.

*Bryan C. Hitchcock* and *Carl F.A. Maughan*, of Maughan & Maughan, LC, of Wichita, were on the brief for appellant.

*Boyd K. Isherwood*, assistant district attorney, *Nola Tedesco Foulston*, district attorney, and *Steve Six*, attorney general, were on the brief for appellee.

The opinion of the court was delivered by

NUSS, C.J.: Douglas Heronemus appeals the district court's summary denial of his motion to correct an illegal sentence filed 18 years after his convictions were affirmed on direct appeal. Our jurisdiction is under K.S.A. 22-3601(b)(3) (maximum sentence of life imprisonment imposed). The issues on appeal, and our accompanying holdings, are as follows:

1. Did the district court err in summarily denying Heronemus' motion without appointing counsel and conducting an evidentiary hearing? No.
2. Did Heronemus receive an illegal sentence? No.

Accordingly, the district court is affirmed.

## FACTS

In 1989 J.M. responded to an ad for a part-time secretarial position with defendant Douglas Heronemus' telemarketing business. She was hired and asked to begin work that same night. She testified that while at work in the early evening, Heronemus removed her clothes and forced her to have sexual intercourse. He then forced her to remain naked while working and eventually subjected her to anal intercourse. Heronemus testified that all these acts were consensual.

A jury convicted Heronemus of one count of rape and one count of aggravated criminal sodomy, both class B felonies. See K.S.A. 21-3502(2) (Ensley 1988); K.S.A. 21-3506(2) (Ensley 1988). Under the indeterminate sentencing scheme then in effect, class B felonies required a minimum prison term of between 5 and 15 years and a maximum term of 20 years to life. See K.S.A. 21-4501(b) (Ensley 1988). At the time of these 1989 crimes, Heronemus was on parole for a 1984 aggravated battery conviction. Because of this prior conviction, the State requested application of the Habitual Criminal Act (HCA), K.S.A. 21-4504 (Ensley 1988), which granted the district court certain discretionary authority to increase the sentences.

The court agreed. Per the HCA, it doubled the highest minimum term (15 years) of Heronemus' sentence for his 1989 rape conviction, resulting in a sentence of 30 years to life. It also doubled the lowest minimum term (5 years) and maximum term (20 years) for his 1989 aggravated sodomy conviction, resulting in a sentence of 10 to 40 years. See K.S.A. 21-4504(a)(1), (2) (Ensley 1988). The court additionally ordered these two 1989 sentences to run consecutively per its discretionary authority granted by K.S.A. 21-4608(a) (Ensley 1988). The court further ordered those two sentences to run consecutive to the sentence in Heronemus' 1984

conviction, as required by K.S.A. 21-4608(3) (Ensley 1988). We affirmed Heronemus' convictions on direct appeal. *State v. Heronemus*, No. 64,464, unpublished opinion filed April 12, 1991.

After pursuing various habeas corpus remedies, in April 2009 Heronemus filed a pro se motion to correct an illegal sentence under K.S.A. 22-3504. The district court summarily denied the motion without holding an evidentiary hearing or appointing counsel. Heronemus now appeals.

## ANALYSIS

Issue 1: *The district court did not err in its summary procedures.*

When, as here, a district court summarily denies a motion to correct an illegal sentence under K.S.A. 22-3504, our standard of review is de novo "because appellate courts have the same access to the motion, records, and files as the district court." *State v. Howard*, 287 Kan. 686, 691, 198 P.3d 146 (2008). Like the district court, we are then asked to determine if these same documents "conclusively show that he is entitled to no relief." *State v. Neal*, 292 Kan. 625, 629, 258 P.3d 365 (2011).

Additionally, K.S.A. 22-3504 only applies when a sentence is illegal. *State v. Pennington*, 288 Kan. 599, 601, 205 P.3d 741 (2009). The question of whether a sentence is illegal is a question of law over which this court has unlimited review. *Neal*, 292 Kan. at 630. A sentence is illegal if it is a sentence imposed by a court without jurisdiction; a sentence that does not conform to statutory provisions, either in the character or the term of the punishment authorized; or a sentence that is ambiguous with respect to the time and manner in which it is to be served. *Howard*, 287 Kan. at 691.

Heronemus argues that the district court erred as a matter of law in denying his motion without first appointing counsel and conducting an evidentiary hearing. He contends that the plain language of K.S.A. 22-3504 unambiguously grants a defendant these rights, *i.e.*, it bars any summary disposition of a motion to correct an illegal sentence. We have previously, and explicitly, rejected this pure legal argument, and Heronemus presents no new arguments persuading us to revisit those decisions. See *State v. Conley*, 287

Kan. 696, 703, 197 P.3d 837 (2008); *State v. Hoge*, 283 Kan. 219, 223-24, 150 P.3d 905 (2007); *State v. Edwards*, 281 Kan. 1334, 1342-43, 135 P.3d 1251 (2006). Because he does not argue that his particular motion raises any other substantial questions of law or fact, we need not further determine whether the district court was wrong to hold otherwise. See *Howard*, 287 Kan. at 690 (if district court determines that motion to correct an illegal sentence does not raise substantial issues of law or fact, motion may be summarily denied).

Issue 2: *Heronemus received a legal sentence.*

Heronemus next argues that the district court erred in denying his motion to correct an illegal sentence on the merits because the 1989 court impermissibly used his 1984 aggravated battery conviction to twice enhance his sentences. He does not elaborate but would appear to contend his sentence was illegal because it does not conform to statutory provisions, either in the character or the term of the punishment authorized. See *Howard*, 287 Kan. at 691.

Heronemus' brief concedes that because he committed felonies while on parole, the district court "was required to . . . run" his sentences for the 1989 rape and aggravated sodomy convictions consecutive to the sentence for his 1984 conviction. We agree because K.S.A. 21-4608(3) (Ensley 1988) clearly provides that "[a]ny person who is convicted and sentenced for a crime committed while on . . . parole . . . for a felony *shall serve* the sentence consecutively to the term or terms under which the person was on . . . parole." (Emphasis added.) He characterizes this action as a sentence enhancement and contends that the court's additional use of the 1984 conviction to increase his sentences under the HCA (K.S.A. 21-4504 [Ensley 1988]) ran afoul of "the prohibition against using a single conviction to enhance or increase a defendant's sentence multiple times." He does not provide any citations in support.

The State suggests, however, that Heronemus may be referring to the prohibition against enhanced sentences for conviction of second and subsequent felonies—otherwise allowed by the HCA—

that is contained in K.S.A. 21-4504(d) (Ensley 1988). Subsection (d) provides:

"(d) "The provisions of this section shall not be applicable to:

(1) Any person convicted of a felony of which a prior conviction of a felony is a necessary element;

(2) any person convicted of a felony for which a prior conviction of such felony is considered in establishing the class of felony for which the person may be sentenced."

The State then essentially argues that this statutory prohibition is inapplicable to Heronemus' situation:

"Contrary to defendant's position, his sentence in the instant case was not 'enhanced' merely because it was ordered consecutive to his prior conviction [under K.S.A. 21-4608(3) (Ensley 1988)]. Nothing in K.S.A. 21-4504[d] [Ensley 1988] restricts the application of the Habitual Criminal Act where a sentence is ordered consecutive to a prior conviction."

We reject the prohibition argument made by Heronemus for several reasons. First, Heronemus certainly has not cited any authority to support his allegation of the prohibition's existence or otherwise provided any argument on why the prohibition should be adopted. See *State v. Gleason*, 277 Kan. 624, 655, 88 P.3d 218 (2004) (simply pressing a point without pertinent authority, or without showing why it is sound despite a lack of supporting authority, is akin to failing to brief an issue; where appellant fails to brief an issue, that issue is waived or abandoned).

Second, subsection (d) of K.S.A. 21-4504 (Ensley 1988)—as helpfully suggested and then abruptly rejected by the State—is of no support to Heronemus. None of its prohibitory scenarios apply to him. He was not convicted of a felony in 1989 "of which a prior conviction of a felony is a necessary element," and the 1984 conviction was not considered in establishing the class of felony for his 1989 convictions. Contrast *State v. LaBelle*, 290 Kan. 529, 534-36, 231 P.3d 1065 (2010) (sentencing court used same conviction to compute criminal history score and to classify defendant as persistent sex offender, which also increased his sentence; we held this violated K.S.A. 21-4710[d][11], which prohibits counting prior convictions in calculating criminal history when they have also been used to enhance applicable penalties).

Heronemus' sentence conforms to statutory provisions. It is therefore legal. So the district court is affirmed.