NOT DESIGNATED FOR PUBLICATION

No. 113,855

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

RICKY STEVENSON,
*Appellant*.

MEMORANDUM OPINION

Appeal from Shawnee District Court; NANCY E. PARRISH, judge. Opinion filed June 17, 2016. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2015 Supp. 21-6820(g) and (h).

Before MALONE, C.J., GREEN and GARDNER, JJ.

*Per Curiam*: Ricky L. Stevenson appeals the district court's denial of his motion to correct illegal sentence. We granted Stevenson's motion for summary disposition in lieu of briefs pursuant to Supreme Court Rule 7.041A (2015 Kan. Ct. R. Annot. 67). The State has filed a response and requested that the district court's judgment be affirmed.

On October 27, 2003, following a 1-day trial, a jury convicted Stevenson of one count each of possession of drug paraphernalia, possession of marijuana, and failure to pay Kansas drug tax. On December 11, 2003, the district court imposed a controlling sentence of 12 months' imprisonment with 12 months' postrelease supervision.

1

On August 28, 2014, Stevenson filed a pro se motion to correct illegal sentence, arguing that the district court should "vacate" his convictions because of "trial errors." On September 23, 2014, the district court summarily denied Stevenson's motion, finding that Stevenson had failed to raise a substantial issue of law or fact and that a motion to correct illegal sentence is not the proper vehicle to overturn a conviction. Stevenson appealed.

On appeal, Stevenson argues that the district court "erred in denying his motion to correct illegal sentence." Appellate courts exercise de novo review over a district court's decision to summarily deny a motion to correct illegal sentence. *State v. Heronemus*, 294 Kan. 933, 935, 281 P.3d 172 (2012).

A district court has jurisdiction to correct an illegal sentence at any time. See K.S.A. 22-3504(1). An "illegal sentence," as contemplated by K.S.A. 22-3504(1), is a sentence imposed by a court without jurisdiction; a sentence that does not conform to the statutory provision, either in the character or the term of authorized punishment; or a sentence that is ambiguous with respect to the time and manner in which it is to be served. *State v. Taylor*, 299 Kan. 5, 8, 319 P.3d 1256 (2014).

As Stevenson acknowledges, Kansas appellate courts repeatedly have found that a motion to correct illegal sentence under K.S.A. 22-3504(1) is not the proper vehicle to overturn a conviction. See, *e.g.*, *State v. Trotter*, 296 Kan. 898, 902, 295 P.3d 1039 (2013). Stevenson does not allege his sentence is illegal under one of the three *Taylor* grounds. Instead, his motion alleged "trial errors" and refutes evidence presented at trial. This is not a proper basis for a motion to correct illegal sentence. Because Stevenson's motion failed to raise a substantial issue of law or fact that would have entitled him to relief, the district court did not err in summarily denying the motion.

Affirmed.