NOT DESIGNATED FOR PUBLICATION

No. 113,890

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MART BOATMAN,
*Appellant.*

MEMORANDUM OPINION

Appeal from Sedgwick District Court; WARREN M. WILBERT, judge. Opinion filed June 17, 2016. Affirmed.

*Carl F.A. Maughan* and *Sean M.A. Hatfield*, of Maughan Law Group LC, of Wichita, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MALONE, C.J., LEBEN, J., and JOHNSON, S.J.

LEBEN, J.: In 2006, a jury found Mart Boatman guilty of intentional second-degree murder. The court found that his criminal-history score was B and sentenced him to 586 months in prison. In 2014, Boatman filed a motion to correct an illegal sentence, arguing that according to *State v. Murdock*, 299 Kan. 312, 323 P.3d 846 (2014), *modified by Supreme Court order* September 19, 2014, *overruled by State v. Keel*, 302 Kan. 560, 357 P.3d 251 (2015), *cert. denied* 136 S. Ct. 865 (2016), his criminal-history score was incorrect because it included two prior convictions that should have been classified as

nonperson felonies rather than person felonies. The district court denied Boatman's motion, and we affirm because *Murdock* has been overruled and is no longer good law.

FACTUAL AND PROCEDURAL BACKGROUND

In 2006, the State charged Boatman with first-degree murder. After a 5-day trial, the jury found Boatman guilty of intentional second-degree murder. At sentencing, the district court found that Boatman had a criminal-history score of B, based in part on a 1984 Kansas conviction for aggravated indecent liberties with a child and a 1971 Arizona conviction for contributing to the delinquency of a child. The court classified both convictions as person felonies and sentenced Boatman to the mid-range sentence, 586 months in prison with 36 months of postrelease supervision.

Boatman appealed his conviction and sentence, and our court affirmed in September 2008. *State v. Boatman*, No. 97,797, 2008 WL 4291472 (Kan. App. 2008) (unpublished opinion), *rev. denied* 288 Kan. 833 (2009). Boatman then filed a habeas motion under K.S.A. 60-1507, claiming that his trial counsel had been ineffective; the district court held a hearing and denied the motion, and our court again affirmed. *Boatman v. State*, No. 103,724, 2011 WL 2555428 (Kan. App.) (unpublished opinion), *rev. denied* 293 Kan. 1105 (2011).

Three years later, in December 2014, Boatman filed a motion to correct an illegal sentence, arguing, based on *Murdock*, that his criminal-history score was incorrectly calculated. The district court denied Boatman's motion without a hearing, finding that *Murdock* and another case dealing with how to calculate a defendant's criminal-history score, *State v. Dickey*, 301 Kan. 1018, 350 P.3d 1054 (2015), didn't apply to Boatman's case and that *Murdock* didn't apply retroactively to collateral actions—like this motion to correct an illegal sentence—that are brought after the conviction and sentence have

2

become final. In Boatman's case, of course, his sentence and conviction became final when his direct appeal ended unsuccessfully in 2008.

Boatman has appealed to this court.

ANALYSIS

Boatman argues that his sentence is illegal because the district court, under *Murdock*, should have classified two of his prior convictions as nonperson rather than person felonies, which would have resulted in a lower criminal-history score and a shorter sentence. Whether a prior conviction was correctly classified as a person or nonperson crime for criminal-history purposes is a question of law over which we have unlimited review. *Dickey*, 301 Kan. at 1034.

*Murdock*, a 2014 Kansas Supreme Court opinion, interpreted the Kansas Sentencing Guidelines Act and held that a defendant's pre-1993 out-of-state convictions had to be scored as nonperson offenses for criminal-history purposes. 299 Kan. at 318-19. Under that ruling, at least one of Boatman's prior felonies—a 1971 Arizona conviction for contributing to the delinquency of a child through indecent exposure—should have been classified as nonperson. But *Murdock* came out 6 years after Boatman's conviction and sentence became final. In addition, as Boatman concedes, while Boatman's motion to correct illegal sentence has remained pending, the Kansas Supreme Court overruled *Murdock* in *Keel*, 302 Kan. at 589-90. As such, *Murdock* provides no basis for reclassifying any of Boatman's prior convictions. See *State v. Hammitt*, No. 113,489, 2016 WL 1079463, at *6 (Kan. App.) (unpublished opinion) (after *Keel*, *Murdock* didn't provide a basis for reclassifying a 1980 Kansas misdemeanor battery conviction), *petition for rev. filed* April 21, 2016.

3

Boatman also argues that classifying prior convictions as person crimes always violates *Apprendi v. New Jersey*, 530 U.S. 466, 490-91, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), because it requires the district court to make a factual finding—namely, that the prior conviction was a person crime—that increases a defendant's sentence. *Apprendi* held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt." 530 U.S. at 490. Kansas courts have consistently held that including the fact of a prior conviction in sentencing doesn't violate *Apprendi*. *State v. Overman*, 301 Kan. 704, 716-17, 348 P.3d 516 (2015) (citing *State v. Ivory*, 273 Kan. 44, 41 P.3d 781 [2002]). And since the Kansas Sentencing Guidelines became effective in 1993, most Kansas statutes expressly state whether a crime is a person or nonperson crime. See *Keel*, 302 Kan. at 574-75. So for crimes committed in Kansas after the 1993 amendments, the person classification doesn't require any factfinding because the statute underlying the prior conviction expressly states whether it's a person or nonperson crime. See 302 Kan. at 574-75.

But for pre-1993 and out-of-state convictions, the district court must compare the prior-conviction statute to the statute in effect in Kansas at the time that the current crime was committed to make the person or nonperson classification—this is the holding of *Keel*. 302 Kan. at 581; see K.S.A. 2015 Supp. 21-6811(d) and (e) (both sections expressly require the district court to make additional findings to classify pre-1993 and out-of-state convictions). Boatman argues that this process always violates *Apprendi*, but he is incorrect. As the Kansas Supreme Court recently demonstrated in *Dickey*, it's possible to compare the relevant statutes and make the person/nonperson classification without violating *Apprendi* by looking only at statutory elements, not at facts underlying the prior conviction, and using the categorical or modified-categorical approaches as outlined by the United States Supreme Court in *Descamps v. United States*, 570 U.S. ___, 133 S. Ct. 2276, 186 L. Ed. 2d 438 (2013). See *State v. King*, No. 113,514, 2016 WL 1399013, at *2 (Kan. App. 2016) (unpublished opinion) (holding that using criminal history to increase a

4

sentence doesn't violate *Apprendi* even when the court compares prior-conviction statutes to comparable Kansas statutes to make the person/nonperson classification), *petition for rev. filed* May 9, 2016.

Boatman also argues that House Bill 2053, which amended the Kansas Sentencing Guidelines Act in response to *Murdock*, violates the United States Constitution's Ex Post Facto Clause, which prohibits increasing a sentence for a crime after that crime has been committed. But we don't have to consider this argument because we aren't applying that statutory amendment in this case—we are applying the rule from *Keel*, which says that we classify prior convictions based on the Kansas classification in effect when the current crime was committed. 302 Kan. at 590-91; *State v. Friesen*, No. 113,495, 2016 WL 1546178, at *2 (Kan. App. 2016) (unpublished opinion) (choosing not to respond to a similar argument because *Keel* applied, not House Bill 2053); *Hammitt*, 2016 WL 1079463, at *6 ("We are able to independently decide the issue under *Keel* and do not need to retroactively apply [the statute]."). And the *Keel* rule complies with the Ex Post Facto Clause because using prior convictions to increase the sentence for the current crime only punishes the current offense—it doesn't increase the penalty for those prior convictions. 302 Kan. at 590.

Finally, Boatman argues that the district court should have held a hearing before denying his motion. K.S.A. 22-3504(1) states that a court may correct an illegal sentence at any time and that "[t]he defendant shall have a right to a hearing . . . [and] to be personally present . . . in any proceeding for the correction of an illegal sentence." But as Boatman concedes, Kansas courts have long held that before taking any other action, district courts should conduct an initial examination of a motion to correct an illegal sentence. *Makthepharak v. State*, 298 Kan. 573, 576, 314 P.3d 876 (2013). Based on that initial examination, the district court can dismiss the motion without holding a hearing or appointing counsel if the case file conclusively shows that the defendant is not entitled to relief. 298 Kan. at 576. Kansas courts have consistently rejected Boatman's argument that

5

the plain language of K.S.A. 22-3504(1) requires a substantive hearing in all cases, and we do the same here. See 298 Kan. at 576 (citing *State v. Heronemus*, 294 Kan. 933, 935-36, 281 P.3d 172 [2012]).

Because *Murdock* has been overruled and none of Boatman's other arguments have merit, we affirm the district court's judgment, which denied Boatman's motion to correct an illegal sentence.