NOT DESIGNATED FOR PUBLICATION

No. 115,006

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

CARLTON LEE MAYES,
*Appellant*.

MEMORANDUM OPINION

Appeal from Johnson District Court; JAMES CHARLES DROEGE, judge. Opinion filed February 10, 2017. Appeal dismissed.

*Catherine A. Zigtema*, of Zigtema Law Office, LC, of Shawnee, for appellant.

*Steven J. Obermeier*, senior deputy district attorney, *Stephen M. Howe*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., PIERRON and MALONE, JJ.

*Per Curiam*: Carlton Lee Mayes appeals the district court's summary denial of a motion to correct an illegal sentence in which he argued that his criminal history score was improperly calculated under *State v. Murdock*, 299 Kan. 312, 323 P.3d 846 (2014), *overruled by State v. Keel*, 302 Kan. 560, 357 P.3d 251 (2015), *cert. denied* 136 S. Ct. 865 (2016). But because Mayes has served his entire jail term and completed his mandatory term of postrelease supervision, we must dismiss the appeal as moot.

FACTUAL AND PROCEDURAL HISTORY

Mayes entered into a plea agreement wherein he pled guilty to severity level 5 aggravated burglary and felony theft in exchange for a recommendation of a downward durational departure and the State's dismissal of another case pending against him. The presentence investigation (PSI) report prepared in the case found that Mayes' criminal history score was B, based in part on the fact that he had two prior person felonies on his record. In January 2012, the district court sentenced Mayes to 70 months in prison and 24 months' postrelease supervision in accordance with the plea agreement.

In January and again in February 2015, Mayes filed motions to correct an illegal sentence on the basis of the Kansas Supreme Court's decision in *Murdock*. The district court summarily denied Mayes' motions finding that the Supreme Court's decision in *Murdock* had been superseded by House Bill 2053. Mayes now appeals. While the appeal has been pending, Mayes has completed his entire sentence and been released from postrelease supervision.

ANALYSIS

Mayes argues that the district court erred when it summarily denied his motion to correct an illegal sentence because there were substantial issues of law and fact that needed to be resolved through a hearing. Specifically, Mayes contends that the district court erred because his 1977 Missouri conviction for robbery should not have been classified as a person felony. When a district court summarily denies a motion to correct an illegal sentence, this court reviews the decision de novo. *Makthepharak v. State*, 298 Kan. 573, 577, 314 P.3d 876 (2013). Additionally, "[w]hether a sentence is illegal within the meaning of K.S.A. 22-3504 is a question of law over which" this court has unlimited review. 298 Kan. at 578.

2

A sentence is illegal if (1) the sentencing court lacked jurisdiction to impose it; (2) the sentence "does not conform to the applicable statutory provision, either in character or the term of authorized punishment;" or (3) the sentence "is ambiguous with respect to the time and manner in which it is to be served." *State v. Taylor*, 299 Kan. 5, 8, 319 P.3d 1256 (2014). Kansas courts narrowly construe K.S.A. 22-3504 so that only rarely will sentences be found illegal. See *State v. Edwards*, 281 Kan. 1334, 1336, 135 P.3d 1251 (2006). Sentences that merely result from a trial defect, are unconstitutional, or violate a plea agreement are not illegal. See *State v. Gilbert*, 299 Kan. 797, 801-02, 326 P.3d 1060 (2014). On appeal, Mayes contends that his sentence is illegal because his criminal history score was improperly calculated under the *Descamps v. United States*, 570 U.S. __, 133 S. Ct. 2276, 186 L. Ed. 2d 438 (2013)/*State v. Dickey*, 301 Kan. 1018, 1027, 350 P.3d 1054 (2015), line of cases and/or under *Murdock*. In other words, he claims his sentence does not conform to the statutory provisions governing calculation of criminal history.

Unfortunately, there is a procedural bar to Mayes' appeal. While this case was still pending on appeal, the State filed a motion seeking to have the appeal dismissed on the basis that it was moot. The State argued that because Mayes was released from prison on December 18, 2015, even if this court found that Mayes' criminal history score was improperly calculated and the resulting sentence was illegal, there was no relief it could provide. Mayes' response to the motion largely addressed arguments the State did not make. Nevertheless, at one point Mayes admitted that he had been released from prison but contended that he was "still under sentence, even though he has been released from custody," because he was still on postrelease supervision. The State filed a subsequent motion seeking to have the appeal dismissed on the basis it was moot after Mayes had, since the last motion, completed his postrelease supervision and was fully discharged from supervision as of December 20, 2016. Mayes did not respond to or dispute the second motion.

Because mootness is a doctrine of court policy, which was developed through court precedent, appellate review of the issue is unlimited. *State v. Hilton*, 295 Kan. 845, 849, 286 P.3d 871 (2012). Kansas courts have described the mootness test as a determination of whether "'"it is clearly and convincingly shown the actual controversy has ended, the only judgment that could be entered would be ineffectual for any purpose, and it would not impact any of the parties' rights."' [Citations omitted.]" *State v. Williams*, 298 Kan. 1075, 1082, 319 P.3d 528 (2014). As a general rule, Kansas appellate courts do not decide moot questions or render advisory opinions. The mootness doctrine is one of court policy, which recognizes that the role of the court is to "'"determine real controversies relative to the legal rights of persons and properties that are actually involved in the particular case properly brought before it and to adjudicate those rights so that the determination will be operative, final, and conclusive.'" [Citations omitted].'" *Stano v. Pryor*, 52 Kan. App. 2d 679, 682-83, 372 P.3d 427 (2016) (quoting *Hilton*, 295 Kan. at 849).

Prior panels of this court have found illegal sentencing issues moot once the defendant has completed his or her sentence. See, *e.g.*, *State v. Brown*, No. 112,825, 2015 WL 9286987 (Kan. App. 2015) (unpublished opinion), *petition for rev. filed* January 14, 2016; *State v. Lawrence*, No. 113,470, 2015 WL 7434300 (Kan. App. 2015) (unpublished opinion) *State v. Tipps*, No. 113,002, 2015 WL 7434683 (Kan. App. 2015) (unpublished opinion), *rev. denied* 305 Kan. ___ (December 20, 2016). When the court corrects an illegal sentence, the defendant receives full credit for the time spent in custody under the sentence prior to correction. K.S.A. 22-3504(1). In this case, Mayes has already completely served his sentence, and the Department of Corrections has discharged him from postrelease supervision. Any actual controversy over Mayes' sentence has ended, and remanding for resentencing would be ineffectual for any purpose.

Accordingly, because it is has been clearly and convincingly shown the actual controversy has ended, the only judgment that could be entered would be ineffectual for

any purpose, and it would not impact any of the parties' rights, the appeal must be dismissed as moot. See *State v. Montgomery*, 295 Kan. 837, 840-41, 286 P.3d 866 (2012).

Appeal dismissed.