No. 77,677

STATE OF KANSAS, *Appellee,* v. SHANE A. DUKE, *Appellant.*

No. 77,787

STATE OF KANSAS, *Appellee,* v. BRENT A. ALFORD, *Appellant.*

(946 P.2d 1375)

Opinion filed October 31, 1997.

*Lisa Nathanson,* assistant appellate defender, argued the cause, and *Jessica R. Kunen,* chief appellate defender, was with her on the brief for appellants.

*Debra S. Peterson,* assistant district attorney, argued the cause, and *Thomas J. Schultz,* assistant district attorney, *Nola Foulston,* district attorney, and *Carla J. Stovall,* attorney general, were on the brief for appellee.

The opinion of the court was delivered by

McFARLAND, C.J.: In this consolidated appeal, each defendant appeals from the denial of identical (except for names and dates) motions to correct illegal sentences. Each defendant contends: (1) The notice to seek imposition of the hard 40 sentence was untimely; and (2) the district court erred in not appointing counsel and holding a hearing on his motion.

## BACKGROUND FACTS

Shane A. Duke was convicted of first-degree murder and other felonies arising from the January 19, 1993, slaying of his landlord, Charles Pettigrew. He received a hard 40 sentence for the murder.

His convictions and sentences were affirmed on direct appeal. *State v. Duke,* 256 Kan. 703, 887 P.2d 110 (1994). Approximately 18 months after his direct appeal was decided, Duke filed a pro se motion to correct an illegal sentence on the previously unasserted claim that the State's notice of intention to seek a hard 40 sentence was untimely.

Brent L. Alford was convicted of first-degree murder and other felonies arising from the March 5, 1993, slaying of his girlfriend, Kimberly Jackson. He received a hard 40 sentence for the murder. His convictions and sentences were affirmed on direct appeal. *State v. Alford,* 257 Kan. 830, 896 P.2d 1059 (1995). Approximately 1 year after his direct appeal was decided, Alford filed a pro se motion to correct an illegal sentence on the previously unasserted claim that the State's notice of intention to seek a hard 40 sentence was untimely.

Both motions were preliminarily examined and denied (to be discussed in greater depth later in the opinion).

## APPOINTMENT OF COUNSEL AND HEARING REQUIREMENTS

Both defendants contend that K.S.A. 22-3504(1) bars summary disposition of motions to correct an illegal sentence. The statute provides:

"The court may correct an illegal sentence at any time. The defendant shall receive full credit for time spent in custody under the sentence prior to correction. The defendant shall have a right to a hearing, after reasonable notice to be fixed by the court, to be personally present and to have the assistance of counsel in any proceeding for the correction of an illegal sentence."

We have defined an illegal sentence as a sentence imposed by a court without jurisdiction, a sentence which does not conform to the statutory provision, either in the character or the term of the punishment authorized, or a sentence which is ambiguous with respect to the time and manner in which it is to be served. *Carmichael v. State,* 255 Kan. 10, 16, 872 P.2d 240 (1994); *State v. Ruff,* 252 Kan. 625, 628, 847 P.2d 1258 (1993); see *State v. Scherzer,* 254 Kan. 926, Syl. ¶ 1, 869 P.2d 729 (1994).

In *State v. Nunn*, 247 Kan. 576, 802 P.2d 547 (1990), a claim was made that the district court was required to appoint counsel for defendant on a motion for new trial filed later than 10 days after trial. The motion was based upon alleged newly discovered evidence, a ground K.S.A. 22-3501(1) affords a 2-year filing period. We rejected this argument, holding:

"While it would simplify matters for all courts and litigants if we were to adopt a bright-line rule that counsel be appointed for all post-trial motions, such a rule would not appear to be feasible or justified. Obviously, counsel should be appointed in cases where the motion raises substantial questions of law or triable issues of fact requiring an evidentiary hearing, legal arguments, and/or briefs of the parties. It appears just as obvious that if the motion, whether or not it is the defendant's first based upon newly discovered evidence, fails to state any substantial issues of law or fact, or states sufficient facts to allow a determination based upon the motion itself, then appointment of counsel and the holding of a hearing would be unwarranted. We adhere to our prior rulings that the determination of whether to appoint counsel and hold a hearing on post-trial motions not filed 'within 10 days after the verdict or finding of guilty, or within such further time as the court may fix during the 10-day period,' is one best left to the sound discretion of the trial court considering all the circumstances of the particular case. If the trial court correctly determines from the pleadings and record that the motion raises no substantial questions of law or fact, then the refusal to appoint counsel and hold a hearing does not constitute an abuse of discretion." 247 Kan. at 584-85.

The language authorizing preliminary judicial examination to determine whether or not substantial questions of law or fact are raised appears in K.S.A. 22-4506, which provides in pertinent part:

"(a) Whenever any person who is in custody under a sentence of imprisonment upon conviction of a felony files a petition for writ of habeas corpus or a motion attacking sentence under K.S.A. 60-1507 and files with such petition or motion such person's affidavit stating that the petition or motion is filed in good faith and that such person is financially unable to pay the costs of such action and to employ counsel therefor, the court shall make a preliminary examination of the petition or motion and the supporting papers.

"(b) If the court finds that the petition or motion presents substantial questions of law or triable issues of fact and if the petitioner or movant has been or is thereafter determined to be an indigent person as provided in K.S.A. 22-4504 and amendments thereto, the court shall appoint counsel . . . ."

Our decisions have been quite uniform in upholding the propriety of such preliminary examinations on all post-trial motions

filed later than 10 days after trial. There is no indication that a motion to correct an illegal sentence was intended by the legislature to be treated differently from a K.S.A. 60-1507 attack upon a sentence. Logic does not require a different treatment. What purpose is served if, unlike another post-trial motion, the filing of a bare-bones conclusory motion to correct an allegedly illegal sentence triggers a full-blown hearing with defense counsel and the presence of the defendant? We believe the key words in K.S.A. 22-3504(1) relative to the issue before us are "any proceeding." The district court should make the preliminary examination as to whether substantial questions of law or fact are raised. If the findings are in the negative, the court should summarily deny the motion. This is not a "proceeding" within the language of the statute. If the findings are in the affirmative, then the matters can only be resolved in a "proceeding" as set forth in the statute.

The motions herein were filed long after the sentences were imposed and direct appeals determined. The issues would not arise if the motion is filed so close in time to the imposition of sentence that it is a continuation of the representation afforded at the sentencing.

In summary, we hold K.S.A. 22-3504(1) does not eliminate a district court's duty to preliminarily examine a motion to correct an allegedly illegal sentence to determine if substantial issues of law or fact are raised. If no such issues are found to have been raised, the motion may be summarily dismissed.

## NOTICE OF INTENT TO REQUEST HARD 40 SENTENCE

K.S.A. 1992 Supp. 21-4624(1) (the statute in effect at the time of the commission of these offenses) provided:

"If a defendant is charged with murder in the first degree, the county or district attorney shall file written notice if such attorney intends, upon conviction or adjudication of guilt of the defendant, to request a separate sentencing proceeding to determine whether the defendant should be required to serve a mandatory term of imprisonment of 40 years. Such notice shall be filed with the court and served on the defendant or the defendant's attorney at the time of arraignment. If such notice is not filed and served as required by this subsection, the county or district attorney may not request such a sentencing proceeding and the defendant, if convicted of murder in the first degree, shall be sentenced as otherwise

provided by law, and no mandatory term of imprisonment shall be imposed hereunder."

The notice provisions of K.S.A. 1992 Supp. 21-4624 are mandatory, and failure of the State to comply with such provisions requires a sentence imposed thereunder to be vacated. See *State v. Collier*, 259 Kan. 346, Syl. ¶ 10, 913 P.2d 597 (1996); *State v. Peckham*, 255 Kan. 310, 315, 875 P.2d 257 (1994); *State v. Johnson*, 255 Kan. 140, Syl. ¶ 2, 871 P.2d 1246 (1994); *State v. Deavers*, 252 Kan. 149, Syl. ¶ 6, 843 P.2d 695 (1992), *cert. denied* 508 U.S. 978 (1993).

Notice can be file stamped later than the date of arraignment, provided the record shows that the State delivered notice to the judge with intent to file pursuant to K.S.A. 60-205(e). See *State v. Copridge*, 260 Kan. 19, 29, 918 P.2d 1247 (1996) (notice handed to judge, judge acknowledged receipt of "actual notice," notice file stamped day after arraignment with no further notation; notice proper); *State v. Harris*, 259 Kan. 689, 708-10, 915 P.2d 758 (1996) (notice filed in afternoon after arraignment was concluded, contained no further notations; record showed State filed notice with court and with defendant simultaneously; notice proper); *State v. Williams*, 259 Kan. 432, 443-44, 913 P.2d 587, *cert. denied* 136 L. Ed. 2d 49 (1996) (State handed court notice at arraignment stating it was filing original document with the court; court stated it would file document with clerk's office; notice file stamped 4 days later; notice proper).

The claims of both defendants are remarkably similar. Each argument is terminally flawed by the defendant's confusion of the date of his first appearance with the date of his arraignment. The district courts' respective findings in each case are grounded on this fact. The pertinent facts as to each defendant are as follows:

## DUKE

| February 1, 1993 | First appearance |
| February 16, 1993 | Preliminary hearing—arraignment. Hard 40 notice served on Duke and his counsel and filed with the judge (as shown by judge's notation). |

February 18, 1993    Hard 40 notice file stamped by clerk.

ALFORD

March 8, 1993       First appearance
April 2, 1993       Preliminary hearing—arraignment. Hard 40 notice served on Alford and his counsel. Copy file stamped by clerk.

The records herein clearly show compliance with the hard 40 notice requirements. We find no abuse of discretion in either appeal as to the district court's findings that no substantial issues of law or fact had been raised in the respective motions. The judgments are affirmed.

Affirmed.