NOT DESIGNATED FOR PUBLICATION

No. 116,067

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

TIMOTHY M. SMITH,
*Appellant.*

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JEFFREY SYRIOS, judge. Opinion filed September 15, 2017. Affirmed.

*Carl F.A. Maughan*, of Maughan Law Group L.C., of Wichita, for appellant.

*Matt J. Maloney*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt,* attorney general, for appellee.

Before GREEN, P.J., BUSER and LEBEN, JJ.

LEBEN, J.: Timothy M. Smith appeals from the denial of his motion to correct an illegal sentence, arguing primarily that he should have been allowed to attend the hearing at which the district court determined that his motion didn't raise any substantial issues of law or fact. But the defendant's right to attend the hearing only arises once the district court decides—because of the potential merit of the motion—to hold an *evidentiary* hearing on the motion. In Smith's case, the district court simply held an initial hearing to determine whether Smith had made sufficient allegations to justify an evidentiary

hearing. So because the district court in this case didn't hold an evidentiary hearing Smith's rights weren't violated. We therefore affirm the district court's judgment.

FACTUAL AND PROCEDURAL BACKGROUND

In 2011, Smith pled guilty to two counts of aggravated indecent liberties with a child under the age of 14. The district court sentenced him to life in prison with no possibility of parole for 25 years (a sentence most people refer to as a "hard 25" sentence). Our court affirmed the sentence on direct appeal in 2014. *State v. Smith*, No. 109,091, 2014 WL 642084 (Kan. App. 2014) (unpublished opinion).

The next year, without the assistance of a lawyer, Smith filed a motion arguing that his sentence was illegal and asking the court to correct it. He claimed that his sentence was unconstitutional under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), and cruel and unusual under the Eighth Amendment to the United States Constitution. The district court appointed a lawyer for Smith and held a nonevidentiary hearing in January 2016, at which the State and Smith's lawyer (but not Smith himself) appeared. After a brief oral argument, the district court denied Smith's motion.

Smith then appealed to our court.

ANALYSIS

Smith's main argument is that the district court should have allowed him to attend the hearing. Reviewing this claim requires statutory interpretation, which we do independently, without any required deference to the district court. *State v. Collins*, 303 Kan. 472, 473-74, 362 P.3d 1098 (2015).

2

There is some statutory language supportive of Smith's argument: When a defendant files an illegal-sentence motion, a statute provides that he or she "[s]hall have a right to a hearing, . . . to be personally present and to have the assistance of counsel *in any proceeding* for the correction of an illegal sentence." (Emphasis added.) K.S.A. 22-3504(1). But the Kansas Supreme Court determined in 1997 that the term "any proceeding" is not as broad as it sounds and does not include the court's initial review of the motion to see whether it raises any substantial issues of law or fact that would require further review. *State v. Duke*, 263 Kan. 193, 196, 946 P.2d 1375 (1997). Kansas courts have long held that a district court, before appointing counsel or holding the hearing provided for a "proceeding" under K.S.A. 22-3504(1), should first examine the *merits* of an illegal-sentence motion to determine whether it raises any substantial issues. 263 Kan. 193, Syl. ¶ 1. And if "'the motion, files, and records of the case conclusively show the defendant is not entitled to relief,'" the district court can dismiss the motion summarily, without appointing counsel or holding a hearing. *Makthepharak v. State*, 298 Kan. 573, 576, 314 P.3d 876 (2013) (quoting *State v. Jones*, 292 Kan. 910, 913, 257 P.3d 268 [2011]); see L. 2017, ch. 62, § 9 (placing this rule into the statute through an amendment to K.S.A. 22-3504[1]).

This preliminary examination of an illegal-sentence motion is similar to how a district court initially examines a habeas corpus motion under K.S.A. 60-1507. *Makthepharak*, 298 Kan. at 577. With a habeas motion, a district court has three options: summarily dismiss if the motion and case file raise no substantial issues, hold a preliminary hearing to determine whether any substantial issues are raised (and dismiss if the answer is no), or hold an evidentiary hearing to decide any substantial issues. 298 Kan. at 577. Similarly, with an illegal-sentence motion, a district court doesn't have to hold a full hearing unless it first determines that the motion raises a substantial issue of law or fact.

In this case, the district court held a preliminary hearing to determine whether Smith's motion raised any substantial issues—comparable to the second option available for a habeas motion. At this hearing, the State provided a brief oral argument explaining why Smith's sentence wasn't illegal. The court also appointed an attorney to represent Smith at this nonevidentiary hearing, something not required at that stage. See *Makthepharak,* 298 Kan. at 576. Smith's appointed attorney relied entirely on Smith's written motion. The district court then examined Smith's motion and case file and determined that it didn't raise any substantial issues. Thus no evidentiary hearing—which Smith would have had the right to attend—was necessary.

Smith argues that because the district court appointed counsel and held a preliminary hearing, it must have already made its initial determination that his motion raised a substantial issue of law or fact—so he was entitled to attend the hearing by the plain language of K.S.A. 22-3504(1). But the district court's decision to appoint counsel and conduct its initial review of the case file and motion at a hearing doesn't change the fundamentally preliminary nature of that hearing. It was the same as a preliminary hearing on a habeas motion; the district court was simply deciding whether Smith's motion had enough merit to warrant a full hearing. As interpreted by our Supreme Court, K.S.A. 22-3504(1) provides a right to counsel and to be present at a hearing only for "proceeding[s]," and that doesn't cover when the district court makes a preliminary examination of an illegal-sentence motion to determine whether it presents a substantial issue requiring a more formal proceeding to resolve. See *Duke*, 263 Kan. at 196.

Smith also argues that his appointed counsel was ineffective at the preliminary hearing. But we've just determined that the rights listed in K.S.A. 22-3504(1)—to counsel, to a hearing, and to attend the hearing—weren't implicated in this case. The district court examined Smith's motion and the case file and determined that it didn't raise any substantial issues, so Smith's right to counsel never arose.

4

Finally, even though Smith doesn't actually argue on appeal that his sentence is illegal, we will briefly explain why his illegal-sentence motion fails on its merits. We have independent review over a district court's summary denial of a motion to correct an illegal sentence because we have the same access to the motions, records, and files as the district court. *State v. Gilbert*, 299 Kan. 797, 801, 326 P.3d 1060 (2014); *Makthepharak*, 298 Kan. at 577.

The Kansas Supreme Court strictly defines an "illegal sentence" as "(1) a sentence imposed by a court without jurisdiction; (2) a sentence that does not conform to the applicable statutory provision, either in the character or the term of authorized punishment; or (3) a sentence that is ambiguous with respect to the time and manner in which it is to be served." *Makthepharak*, 298 Kan. at 578; *State v. Trotter*, 296 Kan. 898, 902, 295 P.3d 1039 (2013); see L. 2017, ch. 62, § 9 (placing this rule into the statute through amendment to K.S.A. 22-3504). This narrow definition means that defendants can't use K.S.A. 22-3504 to challenge their sentences on constitutional grounds: "A motion to correct illegal sentence under K.S.A. 22-3504(1) is an improper procedural vehicle for a constitutional claim." *State v. Warrior*, 303 Kan. 1008, Syl., 368 P.3d 1111 (2016); see *State v. Lee*, 304 Kan. 416, 417-18, 372 P.3d 415 (2016).

Here, Smith's illegal-sentence motion raises only constitutional arguments. First, his motion argues that his life sentence violates the Eighth Amendment's prohibition on cruel and unusual punishment. That's a constitutional argument that can't be addressed in an illegal-sentence motion. See *Lee*, 304 Kan. at 417-18; *State v. Mitchell*, 284 Kan. 374, 377, 162 P.3d 18 (2007) (holding that Eighth-Amendment claims can't be raised in illegal-sentence motion). Second, Smith's motion argues that his life sentence was an unconstitutional "enhancement" of the usual sentence for aggravated indecent liberties with a child. This too is a constitutional argument (based on the Sixth Amendment right to a jury trial as interpreted in *Apprendi*) that cannot be successfully raised in an illegal-sentence motion. See *State v. Reese*, 306 Kan. 279, 281, 393 P.3d 599 (2017); *State v.*

*Payton*, No. 98,756, 2008 WL 4471901, at *4 (Kan. App. 2008) (unpublished opinion) (finding that an *Apprendi* argument can't be raised in an illegal-sentence motion). Compare *State v. Dickey*, 301 Kan. 1018, Syl. ¶¶ 3, 7, 350 P.3d 1054 (2015) (holding that an *Apprendi*-based challenge meets the definition of an illegal sentence when the challenge relates to the classification of prior convictions).

Finally, Smith's characterization of his life sentence as an "enhancement" is incorrect. He received the statutory minimum sentence under K.S.A. 2010 Supp. 21-4643, which prescribes a hard 25 sentence for aggravated indecent liberties with a child under the age of 14 when the defendant is 18 or older. While it's true that the district court can impose a shorter sentence if it finds substantial and compelling reasons to do so, see, e.g., K.S.A. 2016 Supp. 21-6627(d), and that the prescribed statutory sentence can vary based on the ages of the defendant and victim, see, e.g., K.S.A. 2016 Supp. 21-5506(c)(1), (2), neither of those situations applied in Smith's case. Smith was 18 or older, his victims were under 14, and the district court didn't find substantial and compelling circumstances to justify a shorter sentence. Smith's sentence isn't illegal.

We affirm the district court's judgment.