NOT DESIGNATED FOR PUBLICATION

No. 118,804

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

BAMISH J. PETERSON,
*Appellant*.


MEMORANDUM OPINION

Appeal from Sedgwick District Court; WILLIAM S. WOOLLEY, judge. Opinion filed March 8, 2019. Affirmed.

*Carl F.A. Maughan*, of Maughan Law Group LC, of Wichita, for appellant.

*Matt J. Maloney*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.


Before BRUNS, P.J., SCHROEDER and GARDNER, JJ.


PER CURIAM: Bamish Peterson appeals from the summary denial of his two motions to correct an illegal sentence. Peterson argues that a literal reading of K.S.A. 22-3504 requires the district court to appoint counsel and conduct a hearing on his motion, in his presence. Peterson acknowledges that both this court and our Supreme Court have rejected this argument on several occasions but still maintains that he has been denied a statutory right. Because the law is well settled that Peterson did not have a right to a hearing or to be present for the district court's preliminary review, and because Peterson

1

fails to argue the merits of the issues raised in his underlying motions, we affirm the district court's summary denial of his claims.

*Factual and Procedural History*

Three different underlying cases have been consolidated for purposes of this appeal. First, in 2001, Peterson pled guilty to three counts of misdemeanor battery in case 01 CR 798. The same year, but in a separate case, 01 CR 2325, Peterson pled no contest to one count of aggravated battery and guilty to one count of aggravated indecent liberties with a child. Finally, in 2003, Peterson pled no contest to three counts of aggravated sexual battery, one count of aggravated burglary, and one count of robbery in case 03 CR 8. Ultimately, Peterson was sentenced to serve 256 months in prison, consecutive to an underlying 52-month sentence imposed after Peterson's probation was revoked in case 01 CR 2325.

Peterson filed several motions and appeals after his convictions. It was not until 2015 that Peterson filed the first of the two motions at issue in this appeal. The first was titled: "Motion for Evidentiary Hearing Pursuant to Multiplicitous Filing of Charges." In it, Peterson argued that his aggravated burglary and robbery charges were multiplicitous and that his sentence was illegal because the charges violated the Double Jeopardy Clause of the United States Constitution. The district court denied that motion without a hearing in March 2017.

Undeterred, in April 2017, Peterson filed the second motion at issue here, titled: "Motion to Correct Criminal History Score Presentence Investigation Worksheet Report." In this motion, Peterson claimed that the three misdemeanor battery convictions in his first 2001 case had been improperly aggregated into a person felony for criminal history purposes. Peterson argued that, as a result, his sentence was illegal because it was based on an erroneously calculated criminal history score. The district court appointed Peterson

an attorney to represent him at a hearing on that motion. Peterson's attorney appeared at the hearing but Peterson was not present. The district court heard arguments from both Peterson's attorney and the State before denying Peterson's motion and finding that the three misdemeanors were properly aggregated into a person felony. The district court also noted that its decision affected only Peterson's 2003 case (03 CR 8) because the battery convictions had not been aggregated for purposes of his criminal history score until that case. As such, the district court's decision did not affect Peterson's 2001 convictions in 01 CR 2325.

Peterson appealed from both of the district court's summary denials.

*Summary denial was appropriate and Peterson was not entitled to be present.*

Peterson asserts that although his two motions were not explicitly titled as motions to correct an illegal sentence, they were, "at their core," motions to correct an illegal sentence under K.S.A. 2018 Supp. 22-3504(1). The State does not refute this claim. Peterson also argues that the district court was required to hold a hearing on his motions, in his presence. Without agreeing that Peterson's motions were in fact motions to correct an illegal sentence, we address them as if they were for purposes of this appeal.

Peterson argues that the plain language of K.S.A. 2018 Supp. 22-3504(1) required the district court to hold a hearing on his motions, at which he was entitled to be present. But both this court and our Supreme Court have rejected this argument on several occasions. See, e.g., *State v. Hayes*, 307 Kan. 537, 538-39, 411 P.3d 1225 (2018). We now also reject Peterson's argument.

K.S.A. 2018 Supp. 22-3504(1) provides that a court may correct an illegal sentence at any time. A defendant may challenge a sentence even for the first time on

appeal. *State v. Fisher*, 304 Kan. 242, 264, 373 P.3d 781 (2016). This statute states, in part:

> "Unless the motion and the files and records of the case conclusively show that the defendant is entitled to no relief, the defendant shall have a right to a hearing, after reasonable notice to be fixed by the court, to be personally present and to have the assistance of counsel in any proceeding for the correction of an illegal sentence." K.S.A. 2018 Supp. 22-3504(1).

However, in *Hayes*, our Supreme Court construed this statute and held that "a district court's preliminary examination of a motion to correct an illegal sentence does not trigger the movant's right to be present and '[i]f substantial questions of law or fact are not found, the motion may be denied without a "proceeding"—i.e., a hearing at which the movant's presence would be required.' [Citation omitted.]" *Hayes*, 307 Kan. at 539.

Peterson's first motion was summarily denied without a proceeding and without appointing counsel. The district court gave several reasons for denying Peterson's motion:

> "[T]he court holds the two charges are not multiplicitous, the court no longer has jurisdiction, the defendant waived or relinquished his double jeopardy claims at plea and the issue is irrelevant to this case and future cases. Because the charges are not multiplicitous, the convictions do not violate the double jeopardy clause. *With these findings, no evidentiary hearing is necessary*." (Emphasis added.)

The record shows that Peterson was not entitled to a hearing, to be present at that hearing, or have counsel appointed to him for this preliminary review in which the district court concluded that no hearing was needed. See *State v. Campbell*, 307 Kan. 130, 137, 407 P.3d 240 (2017).

The district court appointed Peterson an attorney and held a preliminary hearing on Peterson's second motion. Peterson argues that the hearing was more than a preliminary hearing as contemplated in *State v. Duke*, 263 Kan. 193, 946 P.2d 1375 (1997), and that he thus had a statutory right to be present at the hearing. However, we disagree that the proceeding below was anything more than a preliminary hearing.

Peterson's motion hearing was held in June 2017. Peterson's representative and the State's representative were present and were allowed to make brief arguments regarding the merits of Peterson's claim. Peterson's attorney voiced the argument stated in Peterson's motion and then requested a resentencing hearing at which he would "move for [a] downward departure and . . . make a full presentation before the Court." The State explained that Peterson's argument was meritless based on the law. No additional arguments were made and no evidence was presented. Finally, the district court gave a brief rendition of the procedural posture of Peterson's underlying case before summarily denying his claim. Although there is nothing on the record defining this hearing as a "preliminary hearing," the nature of the hearing shows that it was a preliminary hearing to determine if there were any substantial questions of law or fact. Because a preliminary hearing is not a proceeding that triggers a defendant's right to be present under K.S.A. 22-3504(1), Peterson was not entitled to be present. See *State v. Smith*, No. 116,067, 2017 WL 4082236, at *2 (Kan. App. 2017) (unpublished opinion), citing *Duke*, 264 Kan. at 196.

We hold that Peterson did not have a right to a hearing, to be present at a hearing, or to have counsel appointed to him for the two motions from which he has appealed. Peterson also failed to argue on appeal the merits of his underlying motions. Accordingly, we affirm the district court's decisions.

Affirmed.