NOT DESIGNATED FOR PUBLICATION

No. 122,834

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

THOMAS EUGENE BROWN JR.,
*Appellant*.


MEMORANDUM OPINION

Appeal from Sedgwick District Court; JEFFREY SYRIOS, judge. Opinion filed March 26, 2021. Affirmed.

*Mark Sevart*, of Derby, for appellant.

*Lesley A. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.


Before ARNOLD-BURGER, C.J., BRUNS and POWELL, JJ.


PER CURIAM: A jury convicted Thomas Eugene Brown Jr. of felony and misdemeanor drug charges in 2016. In 2019, while still serving his prison sentence, he filed pro se motions in his criminal case seeking to require the production of forensic testing information related to his criminal case and information about his criminal history by third-party agencies. The district court summarily denied these requests. Brown now appeals, arguing that the district court should have ordered the State to produce the requested information pursuant to the State's discovery obligations. Finding no error, we affirm.

1

In June 2016, a jury found Brown guilty of one count each of felony possession of heroin with intent to distribute, misdemeanor possession of marijuana, and failure to maintain a single lane. The district court later sentenced him to a total sentence of 130 months in prison. On direct appeal, this court rejected Brown's jury instruction challenges and affirmed his convictions. *State v. Brown*, No. 117,163, 2018 WL 3486152, at *1-3 (Kan. App. 2018) (unpublished opinion), *rev. denied* 310 Kan. 1064 (2019). The mandate issued on January 10, 2020.

In January 2019—while the appeal was pending—Brown sent a letter to the Sedgwick County Forensic Science Center (SCRFSC) asking for information on the testing procedures used on evidence in his case. A forensic administrator from the SCRFSC responded briefly about a week later, confirming their receipt of Brown's request. A month later, the director of the SCRFSC sent a second letter denying Brown's request because "the testing was performed for and results thereof are part of a criminal investigation" and citing K.S.A. 45-221(a)(10)(B).

In April 2019, Brown filed a pro se peremptory order of mandamus with the district court, asking the court to order disclosure of the information requested in the SCRFSC letter "pursuant to K.S.A. 22-3212, 22-3213; and the Open Records Act (K.S.A. 45-215 through 45-223)." Citing *State v. Warrior*, 294 Kan. 484, 505-06, 277 P.3d 1111 (2012), and *Brady v. Maryland*, 373 U.S. 83, 87, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963), Brown also asserted that "prosecutors have an unqualified obligation . . . to turn over all evidence favorable to the accused when the evidence may be 'material either to guilt or punishment.'"

The State objected to the request, asserting that Brown was improperly trying to file a civil action against the SCRFSC in his criminal case. Ultimately, the court

summarily denied the motion in May 2019, noting its agreement with the State's position on the motion minutes sheet.

Brown then refiled the motion, with the only changes being (1) a handwritten notation above the case caption that the motion was now being filed in the "Criminal Department," and (2) including the State as a party in the certificate of service. In June 2019, the district court again summarily denied the motion.

A few weeks later, Brown filed a second pro se motion, this time seeking disclosure of his criminal history record by the Sedgwick County Sheriff's Office, pursuant to K.S.A. 22-4709(a). Again, the State objected to Brown's request, asserting a similar argument as its response to the previously denied motion in that the named agencies were not parties to his criminal case. The district court ultimately denied this motion as well, noting on the motion minutes sheet that "Defendant fails to present a substantial question of law or fact. See *State v. Duke*[,] 263 Kan. 193[, 946 P.2d 1375] (1997). There is no legal authority to grant requested relief." Brown timely appealed both.

ANALYSIS

Brown, now represented by counsel, refocuses his argument on appeal and asserts that the district court erred in summarily denying his postconviction motions, claiming a violation of his right to discovery in a criminal case. In response, the State argues that the district court appropriately concluded Brown had not shown a legal foundation for the court to grant his motions. The State asserts Brown's motions amounted to impermissible requests for postconviction discovery that contained no more than a "fishing expedition" for which he had not shown disclosure would be necessary to protect his substantial rights. See *State v. Matson*, 260 Kan. 366, 383, 921 P.2d 790 (1996); *State v. Nirschl*, 208 Kan. 111, 116, 490 P.2d 917 (1971).

*Our standard of review is abuse of discretion.*

Kansas courts review a district court's decision to grant or deny a request for postconviction discovery only for abuse of discretion. *State v. Mundo-Parra*, 58 Kan. App. 2d 17, 25, 462 P.3d 1211 (2020), *rev. denied* 312 Kan. ___ (October 16, 2020). This standard of review stems from the long-standing rule that a district court has "broad discretion" under K.S.A. 2020 Supp. 22-3212 to require the disclosure by the State of documents or tangible evidence in the control of the prosecution. See *State v. Kessler*, 276 Kan. 202, 212, 73 P.3d 761 (2003).

Thus, Brown bears the burden of showing that the district court's summary denials of his motions for postconviction discovery were: (1) arbitrary, fanciful, or unreasonable; (2) based on an error of law; or (3) based on an error of fact. *State v. Ingham*, 308 Kan. 1466, 1469, 430 P.3d 931 (2018); *State v. Thomas*, 307 Kan. 733, 739, 415 P.3d 430 (2018). But Brown correctly recognizes that the issue he raises hinges partly on interpretation of K.S.A. 2020 Supp. 22-3212, the Kansas criminal discovery statute. To the extent resolving the questions presented in this appeal involves statutory interpretation, that presents a question of law subject to unlimited review. *State v. Alvarez*, 309 Kan. 203, 205, 432 P.3d 1015 (2019).

*K.S.A. 2020 Supp. 22-3212 only applies to pretrial discovery requests.*

Brown correctly points out that the prosecution is generally required to disclose all favorable evidence to a criminal defendant when "'the evidence is material either to guilt or to punishment.'" *Warrior*, 294 Kan. at 506 (quoting *Brady*, 373 U.S. at 87). Kansas courts require three essential elements to establish a *Brady* violation:  "'(1) The evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; (2) that evidence must have been suppressed by the State, either willfully or

4

inadvertently; and (3) the evidence must be material so as to establish prejudice.'" *State v. DeWeese*, 305 Kan. 699, 710, 387 P.3d 809 (2017).

Likewise, he notes that some provisions of K.S.A. 2020 Supp. 22-3212, specifically subsections (a)(2) and (j), require the State to disclose relevant discovery when requested for inspection by a criminal defendant. See K.S.A. 2020 Supp. 22-3212(a)(2) (inspection of "results or reports of physical or mental examinations, and of scientific tests or experiments made in connection with the particular case"); K.S.A. 2020 Supp. 22-3212(j) (requiring disclosure of prior convictions known by the prosecutor).

But Brown overlooks that these discovery rules would only pertain to *pretrial* discovery requests. See K.S.A. 2020 Supp. 22-3212(h) ("Discovery under this section must be completed no later than 21 days after arraignment or at such reasonable later time as the court may permit."); K.S.A. 2020 Supp. 22-3212(i) ("If, subsequent to compliance with an order issued pursuant to this section, *and prior to or during trial*, a party discovers additional material . . . ." [Emphasis added.]).

Brown filed both motions here after this court affirmed his convictions on direct appeal. See *Brown*, 2018 WL 3486152, at *1-3. On this point, he asserts—with no support—that the criminal discovery statute "does not relieve the State of its obligation to provide the information once sentencing has been pronounced. To the contrary there is an ongoing obligation to provide discovery." Failure to support a point with pertinent authority is akin to failing to brief the issue. *State v. Salary*, 309 Kan. 479, 481, 437 P.3d 953 (2019).

*Brown fails to establish how granting his postconviction discovery requests is necessary to protect his substantial rights.*

Although our Supreme Court has observed that disclosure and posttrial discovery may be necessary on certain occasions to ensure due process, there must be more than speculation that the State's file contains information in support of the defendant's legal theory. *Nirschl*, 208 Kan. at 116. We agree with the State that due process does not require a fishing expedition. Brown must present some evidence that the information sought would be exculpatory or would reveal a clear error in the proceedings. See *Matson*, 260 Kan. at 383.

This court recently explained the procedure for postconviction discovery requests like Brown's in *Mundo-Parra*, 58 Kan. App. 2d at 22 (discussing line of cases setting forth a "limited right to [postconviction] discovery when necessary to protect a defendant's due process rights"). In that case, the defendant filed a discovery request while incarcerated for a conviction that had occurred 12 years before. After the district court denied the request, Mundo-Parra appealed. This court held that "[t]o get discovery, the defendant must make a good-cause showing by identifying the specific subject matter for discovery and explaining why discovery about those matters is necessary to protect substantial rights." 58 Kan. App. 2d at 24.

Brown's motions are similar to the request made in *Mundo-Parra*. But beyond asserting that his right to discovery obligated the State to provide the requested information to facilitate his ability to investigate potential motions for postconviction relief, Brown does not reference *Mundo-Parra* or otherwise discuss why granting his motions would be necessary to protect any substantial rights. As to his request for criminal history information he states only that "[t]his information would be needed post conviction in order to review the validity of 130 month sentence that was handed down." We note that Brown did object to his criminal history score at sentencing, but ultimately

6

conceded that he had a criminal history score of A. He fails to indicate why he believes that decision was in error. As to his request for forensic testing information, he claims only that the information was needed "so that he could prepare a KSA 60-1507 Petition that would merit a formal hearing." In short, Brown fails to show how the district court abused its discretion in denying the motions.

For these reasons, we affirm the district court's decision to summarily deny Brown's postconviction motions.

Affirmed.