NOT DESIGNATED FOR PUBLICATION

Nos. 124,704
124,705
124,706
124,707
124,708

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JUAN O'NEIL WHITAKER JR.,
*Appellant*.

MEMORANDUM OPINION

Appeal from Saline District Court; JARED B. JOHNSON, judge. Opinion filed November 9, 2023. Affirmed.

*Gerald E. Wells*, Jerry Wells Attorney-at-Law, of Lawrence, for appellant.

*Ryan J. Ott*, assistant solicitor general, and *Kris W. Kobach*, attorney general, for appellee.

Before HILL, P.J., HURST, J., and TIMOTHY G. LAHEY, S.J.

HURST, J: After pleading guilty and being sentenced for numerous misdemeanor and felony convictions in multiple cases on the same day, Juan O'Neil Whitaker Jr. claims his sentence is illegal. Whitaker objects to the court's calculation of his criminal history score in which it relied on his convictions on the same day as prior felony convictions. Finding no error, this court affirms.

1

On June 5, 2020, Whitaker pled guilty to a litany of charges in seven different cases, five of which are subject to this appeal, for crimes committed between January 2019 and February 2020. In total, he pled guilty to the following charges in each case:

1. Case No. 19CR84 (Not subject to this appeal)
   - Misdemeanor Possession of Marijuana
   - Misdemeanor Violation of Stalking Order

2. Case No. 20CR138 (Not subject to this appeal)
   - Misdemeanor Fleeing and Eluding

3. Case No. 19CR90
   - Felony Aggravated Battery
   - Misdemeanor Criminal Damage to Property
   - Misdemeanor Violation of Stalking Order

4. Case No. 19CR233
   - Felony Conspiracy to Commit Residential Burglary
   - Felony Aggravated Battery
   - Misdemeanor Damage to Property
   - Misdemeanor Theft

5. Case No. 19CR832
   - Felony Criminal Threat
   - Misdemeanor Endangering a Child

6. Case No. 19CR850
   - Felony Theft of a Firearm

7. Case No. 20CR183
   - Felony Criminal Discharge of a Firearm at an Occupied Building
   - Misdemeanor Possession of Marijuana
   - Misdemeanor Possession of Drug Paraphernalia

  ○ Misdemeanor Damage to Property

   At sentencing on August 27, 2020, Whitaker's attorney did not object to the finding that Whitaker had a criminal history score of A in each case. Specifically, his attorney said that he had "informed [his] client that based on the numerous charges on the PSI that the Criminal History Score of A in all of his cases."

   Whitaker's presentence investigation (PSI) reports in each case on appeal (19-CR-90, 19-CR-233, 19-CR-832, 20-CR-183, 19-CR-233) included at least four prior adult person felonies resulting from Whitaker's convictions in the June 2020 plea agreement. For example, case 19-CR-90 included four prior adult person felonies from cases 19-CR-832, 20-CR-183, 19-CR-233, which were all part of the same June 2020 plea agreement.

   Based on his criminal history score of A in each case, the court sentenced Whitaker to 32 months in prison for his felony conviction of aggravated battery in case 19-CR-90; 6 months in prison for felony conspiracy to commit residential burglary in case 19-CR-233; 16 months in prison for felony criminal threat in case 19-CR-832; 16 months in prison for felony theft of a firearm in case 19-CR-850; and 34 months in prison for felony criminal discharge of a firearm at an occupied building in case 20-CR-183. Whitaker's base sentence for these convictions was 72 months. The district court ordered these sentences to run consecutive to Whitaker's conviction in case 19-CR-233 but concurrent with any other convictions resulting from the plea agreement.

   Whitaker filed a direct appeal of all seven cases, but a panel of this court dismissed his appeal after finding that it lacked jurisdiction because his sentence was within the presumptive range. *State v. Whitaker*, No. 123,293, 2021 WL 4352538 (Kan. App. 2021) (unpublished opinion), *rev. denied* 316 Kan. 763 (2022).

*First Motion to Correct Illegal Sentence (Case No. 20-CR-183)*

On April 19, 2021, Whitaker filed a pro se motion to correct his sentence in Case No. 20-CR-183, arguing his sentence was illegal because the criminal history score used to calculate his sentence was inaccurate. The district court summarily denied Whitaker's motion, explaining that his criminal history contained at least three person felonies and thus correctly resulted in a score of A at sentencing. Whitaker did not appeal the district court's denial of that motion.

*Second Motion to Correct Illegal Sentence*

On August 23, 2021, Whitaker filed a second pro se motion to correct his sentences in Case Nos. 19-CR-90, 19-CR-233, 19-CR-832, 19-CR-850, and 20-CR-183. He argued that his criminal history score of A in each case was incorrect because (1) the PSI report inaccurately included his juvenile person misdemeanors; (2) his PSI report incorrectly included the person felonies from the current plea agreement as prior convictions; (3) he was not bound over for trial in 19-CR-90; and (4) there were "several complex issues in Regards [*sic*] to his sentencing." Although he identified these specific claims, he failed to provide factual or legal support for those claims, but instead he focused generally on the allegation that his convictions in the plea agreement should not count as prior convictions for calculating his criminal history score in those cases.

The district court summarily denied—without a hearing or appointing counsel—Whitaker's second motion to correct illegal sentence and explained that Whitaker's criminal history in each case included at least three adult person felonies and three adult person misdemeanors, which gave him a criminal history score of A. The district court also noted that it had previously found Whitaker's criminal history score of A correct. Whitaker appeals the district court's summary denial.

4

On appeal, Whitaker argues generally only that the district court should have allowed him an evidentiary hearing on his allegation that he was erroneously assigned a criminal history score of A. He claims there are "two fundamental questions": first, whether the district court erred in summarily denying his motion to correct an illegal sentence, and second, whether the district court should have appointed counsel to represent him. While a defendant may seek to have an illegal sentence corrected at any time while serving the illegal sentence, the district court is not required to appoint counsel and hold a hearing on every motion to correct illegal sentence. See K.S.A. 2022 Supp. 22-3504(a); *State v. Hoge*, 283 Kan. 219, 223, 150 P.3d 905 (2007). Rather, the district court has a "duty to preliminarily examine a motion to correct an allegedly illegal sentence to determine if substantial issues of law or fact are raised." *State v. Duke*, 263 Kan. 193, 196, 946 P.3d 1375 (1997); *State v. Barnes*, No. 111,843, 2016 WL 528045, at *2 (Kan. 2016) (unpublished opinion) (declining to reexamine *Duke* and its progeny and reiterating the district court's ability to summarily dismiss such motions).

Based on the district court's review of the defendant's motion to correct an illegal sentence, the court may handle the motion in three different ways, including by denying the motion "without a hearing or appointment of counsel if the district court determines the motion, files, and records of the case conclusively show the defendant is not entitled to relief." *Hoge*, 283 Kan. at 224. However, the district court must grant the defendant a hearing if the records and motion demonstrate "a substantial issue of fact or law" or the court is "unable to determine from the motion, files, and record whether or not an issue raised may allow relief." 283 Kan. at 224-25. To warrant an evidentiary hearing based on an allegedly incorrect criminal history score, the defendant needs to "state an evidentiary basis in support of his claim or an evidentiary basis must appear in the record." *State v. England*, 45 Kan. App. 2d 33, 40, 245 P.3d 1076 (2010).

This court reviews the district court's summary denial of Whitaker's motion de novo, looking at the issue anew without deference to the district court's decision. See *State v. Alford*, 308 Kan. 1336, 1338, 429 P.3d 197 (2018). Just as the district court did, this court must determine whether the available motions, records, and files conclusively show Whitaker's sentence is not illegal and thus he is not entitled to relief. See *State v. Gilbert*, 299 Kan. 797, 801, 326 P.3d 1060 (2014). An illegal sentence is one that (1) is imposed by a court without jurisdiction; (2) does not conform to the applicable statutory provisions, either in character or the term of punishment; or (3) is ambiguous about the time and manner in which it is to be served. K.S.A. 2022 Supp. 22-3504(c)(1); *State v. Mitchell*, 315 Kan. 156, 158, 505 P.3d 739 (2022). Whitaker alleges generally that his convictions resulting from the plea agreement were not prior convictions for calculating his criminal history score.

*The State fails to demonstrate that Whitaker's motion should be dismissed as successive.*

As a preliminary matter, the State urges this court to dismiss Whitaker's appeal as successive. Generally, "[a] successive motion that merely seeks a 'second bite' at the illegal sentence apple is susceptible to dismissal" on appeal. *State v. Murdock*, 309 Kan. 585, 592-93, 439 P.3d 307 (2019). However, Whitaker's first motion to correct illegal sentence pertained to only one of his seven convictions—Case No. 20-CR-183—which is just one of the five sentences included in his second motion to correct illegal sentence. The State fails to support its claim that this court should dismiss Whitaker's other claims as successive. See *Nguyen v. State*, 309 Kan. 96, 107-08, 431 P.3d 862 (2018) (discussing prohibition on successive motions to correct illegal sentence). Failure to support a point with pertinent authority or failure to show why a point is sound despite a lack of supporting authority or in the face of contrary authority is like failing to brief the issue. *State v. Meggerson*, 312 Kan. 238, 246, 474 P.3d 761 (2020).

*The motion, records, and files conclusively demonstrate that Whitaker is not entitled to the relief sought in his motion.*

In his second pro se motion to correct illegal sentence, Whitaker argues that the district court erred in using the felony convictions from the cases included in his plea agreement (19-CR-90, 19-CR-233, 19-CR-832 and 20-CR-183) to calculate the criminal history scores for the other cases in which he pled guilty. Essentially, he claims that his plea agreement convictions were not "prior convictions" and should not have been counted in calculating his criminal history score for each of the other convictions in that same plea agreement. Although Whitaker failed to object to his criminal history score before sentencing, that does not preclude this court's review of his claims. See, e.g*., State v. Steinert*, 317 Kan. 342, 351-52, 529 P.3d 778 (2023) (citing *State v. Dickey*, 301 Kan. 1018, Syl. ¶¶ 1, 3, 350 P.3d 1054 [2015], and reaffirming the established rule that a defendant may assert challenges to criminal history classifications that result in an illegal sentence for the first time on appeal).

Under the Revised Kansas Sentencing Guidelines Act, the district court bases presumptive sentences for most felonies on the severity level of the crime being sentenced and the defendant's criminal history score. Therefore, calculating an accurate criminal history score is imperative to determining the correct presumptive sentence. A defendant's criminal history score is A—the highest score possible—if it "includes three or more adult convictions or juvenile adjudications, in any combination, for person felonies." K.S.A. 2022 Supp. 21-6809(A). The district court is required to "count all prior convictions in determining a defendant's criminal history score, unless the convictions constitute an element of the present crime, enhance the severity level, or elevate the classification from a misdemeanor to felony." *State v. Shipley*, 62 Kan. App. 2d 272, 277, 510 P.3d 1194 (2022); see K.S.A. 2022 Supp. 21-6810(d)(10). Further, the sentencing court must include all valid convictions in calculating a defendant's criminal history score

if the convictions occurred *before sentencing*—regardless of the date of the conviction. K.S.A. 2022 Supp. 21-6810(a).

The plain language of these sentencing statutes results in the *inclusive rule* for calculating a criminal history score. Under this rule, "when a defendant pleads to . . . separate cases on the same date, each crime is counted against the others for purposes of determining the criminal history score and presumptive sentence from the grid." *State v. Roderick*, 259 Kan. 107, 115, 911 P.2d 159 (1996); see *Shipley*, 62 Kan. App. 2d at 277. Therefore, the phrase "prior convictions" includes a defendant's convictions in a separate case that might occur on the same date as the convictions in another case. 62 Kan. App. 2d at 277. Additionally, because "each crime is counted against the other, the order in which each crime is counted does not matter. The same presumptive sentence will result, regardless of the order in which the crimes are considered." *Roderick*, 259 Kan. at 115; *Shipley*, 62 Kan. App. 2d at 277.

As part of a plea deal, Whitaker was convicted of multiple person felonies on the same day that stemmed from different cases. When it came time for sentencing, the district court used each of those felony convictions—although the convictions occurred on the same day—as "prior convictions" when calculating his criminal history score for each case because each conviction occurred prior to his sentencing in any of the cases. For example, in case 19-CR-233, Whitaker had three prior person felonies arising out of cases 19-CR-90, 19-CR-832 and 20-CR-183, giving him a criminal history score of A. See K.S.A. 2022 Supp. 21-6809(A) (criminal history score is A if it includes three or more adult person felony convictions). In the other cases Whitaker challenges on appeal, there were four or five prior person felony convictions resulting from his plea and conviction in these same set of cases. Therefore, in accordance with the statutory sentencing scheme he received a criminal history score of A in each case. See K.S.A. 2022 Supp. 21-6809(A); K.S.A. 2022 Supp. 21-6810(a) and (d)(10).

CONCLUSION

The motion, records, and files reveal that Whitaker did not present any substantial issues of fact or law warranting appointment of counsel and a hearing on his motion to correct illegal sentence. The district court properly considered his felony convictions resulting from the plea agreement when calculating his criminal history for each of the cases in the same plea agreement. Although Whitaker may disagree, the statutory sentencing scheme clearly requires that any conviction prior to sentencing counts in calculating the criminal history score, and this result ensures that a defendant's complete criminal history—regardless of whether the convictions occur on the same day—is considered in sentencing. The district court's summary denial of Whitaker's motion to correct illegal sentence is affirmed.

Affirmed.